# ORIGINAL

1  DALE A. AMATO, ESQ. (SBN 137965)
   BERGER KAHN, A Law Corporation
2  10085 Carroll Canyon Rd.
   Suite 210
3  San Diego, CA 92131
   Tel: (858) 547-0075 • Fax: (858) 547-0175
4



**FILED**

MAR 0 5 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

5

6

7  Attorneys for Defendant NATIONAL FIRE & MARINE INSURANCE COMPANY

8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11

12 WERMERS MULTI-FAMILY CORP. a          )   CASE NO: **08 CV 0415 L POR**
13 California corporation,                )
                                          )   SDSC Case No. 37-2008-00077280-CU-IC-CTL
14                    Plaintiff,          )
                                          )   **DEFENDANT NATIONAL FIRE &**
15 v.                                     )   **MARINE INSURANCE COMPANY'S**
                                          )   **PETITION FOR REMOVAL OF CIVIL**
16 NATIONAL FIRE & MARINE                 )   **ACTION TO FEDERAL COURT**
   INSURANCE COMPANY, a business          )   **PURSUANT TO 28 U.S.C. § 1441(B)**
17 entity of unknown form and DOES 1      )
   through 50,                            )
18                                        )   **JURY DEMANDED**
                     Defendant.           )
19                                        )
                                          )   Date Complaint Filed: February 4, 2008
20                                        )
                                          )
21 _____       )

22

23         TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT

24 OF CALIFORNIA:

25         PLEASE TAKE NOTICE that defendant National Fire & Marine Insurance Company

26 ("NFMIC"), hereby removes to this court, pursuant to 28 U.S.C. section 1441(b), the state court

27 action described below.

28

1

**PETITION FOR REMOVAL**

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Rd., Suite 210
San Diego, CA 92131

CR

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Rd., Suite 210
San Diego, CA 92131

1     1.     On February 4, 2008, an action was commenced in the Superior Court of the State of California in the County of San Diego entitled, *Wermers Multi-Family Corp. v. National Fire & Marine Insurance Company,* San Diego Superior Court, Case Number 37-2008-00077280-CU-IC-CTL. The Summons and Complaint was served upon NFMIC on February 8, 2008. A true and correct copy of the Summons, Complaint and Proof of Service is attached as Exhibit 1.

2.     On March 4, 2008, NFMIC filed its Answer to the Complaint. A true and correct copy of NFMIC's Answer is attached as Exhibit 2. Thus, this removal is timely pursuant to 28 U.S.C. 1446(c), as thirty days has not elapsed from the date upon which NFMIC was served with the Summons and Complaint on February 8, 2008. (*See, Murphy Bros. v. Michael Pipe Stringing, Inc.,* 526 U.S. 344 (1999) [the thirty day removal period does not being to run until a defendant is formally served with the complaint.].)

3.     This action is a civil action of which this court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this court by NFMIC pursuant to the provisions of 28 U.S.C. section 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.     The factual allegations of the Plaintiff's Complaint demonstrate that the claim exceeds $75,000. (*See, Gaus v. Miles, Inc.,* 980 F.2d 564, 566-567 (9th Cir. 1992) [facially apparent from the complaint that the claims likely exceed $75,000]; *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) [setting forth facts in the notice of removal that support a finding of the requisite amount].) Plaintiff's Complaint asserts claims for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing and Unfair Business Practices pursuant to California Business & Professions Code, section 17200, et.seq. Plaintiff's alleges that NFMIC issued to its insured, Wanke Industrial, Commercial, Residential, Inc. ("WICR"), a Commercial General Liability Policy under which the plaintiff was supposed to be an additional insured and entitled to policy benefits. The Plaintiff alleges that NFMIC has failed to defend it in an underlying construction defect action as an additional insured. (Complaint, ¶¶ 5-35) Plaintiff

PETITION FOR REMOVAL

contends that its damages arising from NFMIC's breach of contract is over $250,000 in unpaid

defense costs. (Complaint, ¶ 41) Plaintiff also contends that the alleged improper coverage

position and the investigation in support of said coverage position constitutes a breach of the

implied covenant of good faith and fair dealing, for which punitive damages are sought.

(Complaint, ¶¶ 58-63) Thus, it is clear that Plaintiff's allegations, and specifically, the $250,000

claim for unpaid defense fees and costs, meet the jurisdictional amount in controversy of

$75,000. In addition to seeking contract damages and interest, Plaintiffs are also seeking

attorney's fees and punitive damages in this action. (Complaint, prayer, 25:15-22) "It is well-

established that punitive damages are part of the amount in controversy in a civil action

[citation]." (*Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).) Likewise, attorney's

fees are included in the amount in controversy. (*See, Goldberg v. CPC International, Inc.*, 678

F.2d 1365, 1367 (9th Cir. 1982).)

    5.    NFMIC is informed and believes that the Plaintiff was, at the time of filing this

action, and still is, a citizen of the State of California. Specifically, the Plaintiff is a California

corporation. (Complaint, ¶ 1.)

    6.    NFMIC was, at the time the complaint was filed, as still is, incorporated under

the laws of the State of Nebraska. NFMIC's principal place of business is located in Omaha,

Nebraska.

    WHEREFORE, NFMIC prays that this action be removed from the San Diego County

Superior Court to the United States District Court for the Southern District of California.

DATED: March 4, 2008                 BERGER KAHN
                                     A Professional Law Corporation


                                     By: _____
                                         DALE AMATO, ESQ.
                                         Attorneys for Defendant, NATIONAL FIRE &
                                         MARINE INSURANCE COMPANY

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Rd, Suite 210
San Diego, CA 92131

3

PETITION FOR REMOVAL

Recycled    Stock # R-EX-10-B

**AS AND FOR THE FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT:**

1. General and special damages in an amount according to proof at trial for defenses costs;

2. Pre-judgment interest on said damages at the rate of at least ten percent *per annum* as permitted by law; and

3. Costs of suit;

**AS AND FOR THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF REGARDING THE DUTY TO DEFEND:**

1. A declaration of WERMERS' rights concerning the duties of Defendants NFM and DOES 1 through 50, inclusive, and each of them, to defend WERMERS against the claims in the Underlying Action;

2. A declaration that Defendants NFM and DOES 1 through 50, inclusive, and each of them, have an independent, immediate and ongoing duty to completely defend WERMERS in the Underlying Action;

3. Injunctive relief consistent the such declaratory relief requiring Defendants NFM and DOES 1 through 50, inclusive, and each of them, to reimburse WERMERS' defense costs in full as and when they are occurred; and

4. Costs of suit;

**AS AND FOR THE THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT:**

1. General, special, and consequential damages in an amount according to proof at trial for indemnity;

2. Pre-judgment interest on said damages at the rate of at least ten (10) percent *per annum* as permitted by law; and

3. Costs of suit;

**AS AND FOR THE FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF REGARDING THE DUTY TO INDEMNIFY:**

1. A declaration of WERMERS' rights concerning the duty of NFM and DOES 1 through 50, inclusive, and each of them to indemnify WERMERS in the Underlying Action;

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, DECLARATORY RELIEF, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AND UNLAWFUL BUSINESS PRACTICES

# SUMMONS
## (CITACION JUDICIAL)

FILED

SUM-100

CIVIL

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL FIRE & MARINE INSURANCE COMPANY, a business
entity of unknown form and DOES 1 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WERMERS MULTI-FAMILY CORP., a California corporation,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court
Central Division - Hall of Justice
330 W. Broadway
San Diego, CA 92101

CASE NUMBER: **37-2008-00077280-CU-IC-CTL**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy C. Earl, SBN 174967            (619)233-4100    (619) 231-4372
Sean M. Gaffney, SBN 209251
SULLIVAN HILL LEWIN REZ & ENGEL
550 West C Street, Suite 1500, San Diego, CA 92101

DATE:                                     Clerk, by  RUSSELL TAYLOR          , Deputy
*(Fecha)*   FEB - 4 2008                   *(Secretario)*                       *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* NATIONAL FIRE + MARINE INSURANCE COMPANY, A BUSINESS ENTITY OF UNKNOWN FORM AND DOES 1 THROUGH 5C

under  [ ] 416.10 (corporation)              [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [✓] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1 | SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
2 | Timothy C. Earl, SBN 174967
Sean M. Gaffney, SBN 209251
3 | 550 West "C" Street, Suite 1500
San Diego, California 92101
4 | Telephone: (619) 233-4100
Fax Number: (619) 231-4372
5 |
Attorneys for Plaintiff, WERMERS MULTI-FAMILY CORP.
6 |
7 |
8 |                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9 |                     **FOR THE COUNTY OF SAN DIEGO**
10 | WERMERS MULTI-FAMILY CORP., a          ) Case No. **37-2008-00077280-CU-IC-CTL**
California corporation,                    )
11 |                                        ) **COMPLAINT FOR BREACH OF**
                     Plaintiff,            ) **WRITTEN CONTRACT,**
12 |                                        ) **DECLARATORY RELIEF, BREACH**
     v.                                    ) **OF THE IMPLIED COVENANT OF**
13 |                                        ) **GOOD FAITH AND FAIR**
     NATIONAL FIRE & MARINE                ) **DEALING, AND UNLAWFUL**
14 | INSURANCE COMPANY, a business          ) **BUSINESS PRACTICES**
     entity of unknown form and DOES 1     )
15 | through 50,                            )
                                           )
16 |                  Defendants.           )
                                           )
17 |
18 |       Plaintiff WERMERS MULTI-FAMILY CORP. (hereinafter "WERMERS" or "Plaintiff")

19 | alleges as follows:

20 |                          **PARTIES AND VENUE**

21 |       1.     Plaintiff WERMERS MULTI-FAMILY CORP., at all times herein mentioned, was

22 | and is a properly licensed general contractor duly organized as a California corporation, doing

23 | business in several counties, including, but not limited to, the County of San Diego, State of

24 | California.

25 | ///

26 | ///

27 | ///

28 | ///

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, DECLARATORY RELIEF, BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING AND UNLAWFUL BUSINESS PRACTICES

2.    WERMERS is informed and believes and thereon alleges that Defendant NATIONAL FIRE & MARINE INSURANCE COMPANY (hereinafter "NFM") is a business entity of unknown form which is qualified to do business in the State of California, including, but not limited to, the County of San Diego, California. WERMERS is informed and believes and thereon alleges that NFM was either admitted to do business as an insurer under the laws of the State of California or authorized to sell policies of insurance within the State of California through a properly licensed surplus lines broker.

3.    WERMERS is informed and believes and thereon alleges that NFM entered a contractual relationship with WERMERS in the County of San Diego, State of California, by issuing a policy of insurance to WERMERS in the County of San Diego by naming WERMERS as an additional insured on a policy of insurance issued to an entity named Wanke Industrial, Residential, Commercial, Inc. as subsequently described in this Complaint.

4.    Defendants DOES 1 through 50, inclusive, and each of them, whether individuals, corporations, partnerships, or otherwise, are fictitious names of Defendants who provided insurance to WERMERS but breached their respective obligations or duties to WERMERS under said policies of insurance but whose true names are, at this time, unknown to WERMERS. WERMERS is informed and believes and thereon alleges that Defendants DOES 1 through 50, inclusive, are liable for the acts and/or omissions hereinafter alleged, including the issuance of insurance coverage to WERMERS. All references to Defendants herein includes the DOE Defendants, and at such time as Defendants' true names become known to WERMERS, WERMERS will ask leave of this Court to amend this Complaint to insert said true names.

## THE UNDERLYING ACTION

5.    On or about September 17, 2003, WERMERS entered into a written subcontract agreement with Wanke Industrial, Commercial, Residential, Inc. ("WICR") in the County of San Diego, State of California, (the "Subcontract") whereby WICR would supply and install deck waterproofing systems on all public decks in common areas and all private balconies attached to individual existing condominium units under the supervision of WERMERS at the construction project commonly referred to as the Monarch Hills condominium complex located in the City of

1  Dana Point, County of Orange, State of California (the "Project"). The condominiums at the

2  Project were several years old at the time WERMERS and WICR were asked to perform this work,

3  and the Project essentially consisted of remodeling and/or reconstructing certain building

4  components, including but not limited to entry and private balcony decks. The Subcontract

5  required that WICR, among other things,

6      a.    obtain additional insured coverage in favor of WERMERS on WICR's

7            commercial general liability policies for WICR's scope of work at the

8            Project, including ongoing and completed operations coverage;

9      b.    defend and indemnify WERMERS for claims arising from or related to

10           WICR's ongoing and completed work at the Project regardless of

11           WERMERS' fault, with the exception of claims arising from or related to

12           WERMERS' sole negligence or willful misconduct; and

13     c.    ensure that WICR's work did not cause property damage during the course of

14           or after the completion of WICR's operations at the Project.

15     6.    WICR waterproof deck coating systems at entry and private balcony decks of

16  condominium owners and at common area decks at the Project pursuant to the Subcontract.

17  WERMERS, as general contractor for the work performed by WICR at the Project, supervised

18  WICR's work. It is not entirely clear at this time when WERMERS and WICR completed their

19  work under the Subcontract at the Project, but WERMERS is informed and believes and thereon

20  alleges that the work performed at the Project by WICR was ongoing from on or about December

21  2003 through on or about January 2005.

22     7.    At all times during WICR's installation work at the Project, all of the individual

23  condominium units at the Project were continuously occupied. Thus, in addition to WICR's

24  obligations to install the deck coating systems on all public and private balconies and decks at the

25  Project, WICR had an obligation to protect all common areas and the interiors of each

26  condominium unit at the Project from sustaining property damage during the deck coating

27  installation process.

28

8.   WERMERS did not own, control, rent, sell, give away or abandon any of the individual condominiums or the common areas at the Project during the course of WERMERS' and/or WICR's work at the Project. At no time was the Project in the care, custody, or control of WERMERS. The individual condominium units were owed at all times relevant herein by individuals, and the common areas were owned by the Monarch Hills Condominium Owners Association.

9.   On or about April 10, 2006, Monarch Hills Condominium Owners Association ("Monarch HOA"), the owner of the Project, filed a lawsuit in Orange County Superior Court with respect to alleged construction defects at the Project entitled <u>Monarch Hills Condominium Assn. v. Wermers Multi-Family Corp. et al.</u>, Orange County Superior Court Case No. 06 CC 00068 (hereinafter the "Underlying Action"). WERMERS in turn filed a cross-complaint against WICR in the Underlying Action for various causes of action.

10.   The complaint filed in the Underlying Action and the defect list and cost of repair statement served by Monarch HOA allege, among other things, that the Project has sustained construction defects and property damage including water intrusion, caused by, among other things, defective installation of deck coating systems, and that WERMERS and WICR failed to perform in a reasonably workmanlike fashion at the Project; and that Plaintiff has sustained general, consequential and incidental damages, including property damage to the existing condominium units, as a result of (1) WERMERS and WICR's defective construction, including but not limited to damage to the decks and balconies and adjacent building components such as framing, flashing, stucco systems, breezeways, and stair systems; and (2) the failure of WERMERS and WICR to protect the existing condominium units from damage such as water intrusion during the course of the ongoing operations of WERMERS and WICR at the Project . Among other things, WERMERS is informed and believes and thereon alleges that Monarch HOA claims that condominium units at the Project are experiencing ponding of water at the private balcony decks and entry decks, as well as water damage and water intrusion into condominium units at the Project. Furthermore, a former Board of Director Member of Monarch HOA has testified in deposition, and the Monarch HOA alleges, that WERMERS and WICR never completed their operations at the Project under the

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, DECLARATORY RELIEF, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AND UNLAWFUL BUSINESS PRACTICES

1  contract with Monarch HOA because WICR did not provide a final cost of waterproofing material

2  to the entry and private balcony decks at the Project. The Monarch HOA contends that the alleged

3  failure of WERMERS and WICR to apply the final coat of waterproofing material at the entry and

4  private balcony decks at the Project, and the failure to protect the decks while they were awaiting

5  the final coat of waterproofing material, caused and/or contributed to the water intrusion and other

6  property damage to deck substrate, etc., at the Project. WERMERS faces exposure in the

7  Underlying Action to causes of action for negligence, breach of contract, and breach of express and

8  implied warranties.

9          11.    WERMERS retained the law firm of Sullivan, Hill, Lewin, Rez & Engel, APLC,

10 located in San Diego, California, to represent it in the Underlying Action, and retained expert

11 witnesses/forensic consultants. WERMERS is informed and believes and thereon alleges that it has

12 incurred more than $250,000 to date in attorneys' fees, consultant's fees, costs, and other expenses

13 in defending itself in the Underlying Action, and has paid a substantial portion of said fees and

14 costs. The Underlying Action is still pending. As of the date of this Complaint, no insurer has paid

15 a cent of the attorneys' fees, consultant's fees, costs, and other expenses WERMERS has incurred

16 in defending itself in the Underlying Action.

17         12.    WERMERS is informed and believes and thereon alleges that based upon the

18 investigation performed by WERMERS' forensic consultants and experts retained by other parties

19 to the Underlying Action, that physical property arising out of the waterproofing operations of

20 WICR at the entry decks and balconies and adjacent building components such as framing,

21 flashing, stucco systems, breezeways, at the Project, may have occurred during the course of

22 WICR's operations at the Project.

23         13.    As a result of the Underlying Action, WERMERS has incurred and will continue to

24 incur expenses for investigation, consultants, and for legal counsel to defend such claims.

25 WERMERS further faces liability for such claims.

26              **THE POLICY AND REQUESTS FOR COVERAGE**

27         14.    NFM and DOES 1 through 50, inclusive, and each of them, made, executed and

28 delivered one or more policies of comprehensive general liability insurance to NFM, and/or

1  WERMERS, including without limitation the following: Policy No. 72LPN238792 issued by NFM

2  to WICR (effective April 28, 2003 through May 1, 2007) (hereinafter collectively referred to as the

3  "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A" and incorporated

4  herein by reference.

5        15.   WERMERS is informed and believes and thereon alleges that NFM named

6  WERMERS as an additional insured and/or insured under the Policy.  True and correct copies of

7  the endorsements and certificate of insurance provided by NFM's insurance broker, Cavignac &

8  Associates, to WERMERS which reference a modification to the Policy so as to name WERMERS

9  as an additional insured thereunder for the Project are collectively attached hereto as Exhibit "B"

10  and incorporated by reference as though set forth in full herein.

11        16.   WERMERS is informed and believes and thereon alleges that the certificates attached

12  hereto as Exhibit "B" were issued to WERMERS by Cavignac & Associates as authorized agent of

13  NFM and/or received express authority from a surplus lines carrier to bind NFM relative to the

14  issuance of the Policy and additional insured endorsements to WICR and WERMERS.

15        17.   WERMERS is informed and believes and thereon alleges that DOES 1 through 50,

16  inclusive, and each of them, named WERMERS as an insured and/or additional insured under

17  policies of insurance that contain insuring agreements and terms substantially similar to those

18  contained in Exhibit "A " to this Complaint.

19        18.   WERMERS is informed and believes and thereon alleges that the additional insured

20  endorsements ("AIEs") issued to WERMERS by NFM and one more of DOES 1 through 50,

21  inclusive, and each of them, were Insurance Services Office, Inc. ("ISO") Form CG 2009 0397

22  endorsements which state as follows:  "WHO IS AN INSURED (Section II) is amended to include

23  as an insured the person or organization (called "additional insured") shown in the Schedule, but

24  only with respect to liability arising out of:  1.  Your ongoing operations performed for the

25  additional insured[s] at the location designated above; or 2. Acts or omissions of the additional

26  insured[s] in connection with their general supervision of such operations."  WERMERS is one of

27  the entities identified in the "Schedule" of the AIEs issued on the Policy by NFM and on or more of

28  DOES 1 through 50, inclusive, and each of them.

19. WERMERS is informed and believes and thereon alleges that the Policy issued by NFM and the policies issued by DOES 1 through 50, inclusive, and each of them, are standard commercial general liability policies affording coverage for, among other things, personal injury and property damage arising out of the work of the named insured and any additional insureds at given construction projects, including but not limited to the Project at issue in the Underlying Action.

20. WERMERS is informed and believes and thereon alleges that NFM and DOES 1 through 50, inclusive, and each of them, did not furnish WERMERS with an actual copy of the Policy or policies at any time prior to or during WICR's or WERMERS' performance of work at the Project, consistent with the standard custom and practice in the California construction industry for insurance companies and insurance brokers to only furnish copies of insurance certificates and/or additional insured endorsements to developers and/or general contractors that are named as additional insureds on subcontractor commercial general liability policies. As a result, WERMERS did not have notice of any policy exclusions, other insurance clauses, or endorsements to the Policy.

21. Pursuant to the terms and conditions of the Policy, NFM promised to pay all sums which WERMERS became obligated to pay because of personal injury or property damage at the Project caused by an occurrence within the effective coverage period of the Policy, and further agreed to defend WERMERS with respect to any claims arising out of or related to the ongoing operations performed by the named insured NFM at the Project on account of or potentially on account of such alleged personal injury and/or property damage, even if any such claims are groundless and/or fraudulent. WERMERS is informed and believes and on that basis alleges that the legal effect of the Policy and additional insured endorsements described above is as set forth in this paragraph and herein.

22. Pursuant to the terms and conditions of the policies DOES 1 through 50, inclusive, and each of them issued to WERMERS, DOES 1 through 50, inclusive, promised to pay all sums which WERMERS became obligated to pay because of personal injury or property damage at the Project caused by an occurrence within the effective coverage period of the Policy and/or policies, and further agreed to defend WERMERS with respect to any claims arising out of or related to the

1  ongoing operations and/or completed operations performed by the named insured under said policy

2  at the Project on account of or potentially on account of such alleged personal injury and/or

3  property damage, even if any such claims are groundless and/or fraudulent. WERMERS is

4  informed and believes and on that basis alleges that the legal effect of the said policies and

5  additional insured endorsements described above is as set forth in this paragraph and herein

6      23.    Monarch HOA in the Underlying Action has in fact made allegations and claims

7  indicating, or evidence is otherwise available, that property damage occurred or potentially

8  occurred during the effective coverage period of the Policy as a result of WICR's ongoing

9  operations and the ongoing and completed operations of WERMERS.

10     24.    WERMERS tendered the defense and indemnity of the Underlying Action to NFM on

11 or about April 19, 2006, and forwarded additional claim-related documentation to NFM to assist the

12 carrier's coverage evaluation on or about April 25, 2006.  Having failed to receive any response or

13 acknowledgement of receipt of tender from NFM, WERMERS renewed tender of the Underlying

14 Action on June 27, 2006 and July 14, 2006 following the interim filing of additional cross-

15 complaints against WERMERS in the Underlying Action and the filing of Monarch HOA's First-

16 Amended Complaint against WERMERS in the Underlying Action, copies of which pleadings were

17 also forwarded by WERMERS to NFM for review.

18     25.    WERMERS has not asked any other insurance carrier besides NFM to provide a

19 "first-dollar" defense for WERMERS with respect to any claims asserted against WERMERS in the

20 Underlying Action which arise out of or relate to WICR's ongoing operations at the Project.

21 Moreover, WERMERS is informed and believes and thereon alleges that WERMERS does not

22 have any other available insurance to provide a first dollar defense to WERMERS.  Furthermore,

23 no other insurer has paid any of WERMERS' defense fees and/or expenses in the Underlying

24 Action to date.

25     26.    On September 13, 2006, NFM and DOES 1 through 50, inclusive, and each of them,

26 denied coverage to WERMERS in the Underlying Action through a written letter which

27 acknowledged that WERMERS had secured additional insured status under the Policy with respect

28 to property damage claims arising from named insured WICR's ongoing operations at the Project,

but asserted, among other matters, that (1) Endorsement No. M-4685 to the Policy excused NFM's
duty to provide an immediate and complete defense for WERMERS in the Underlying Action given
the purported availability of other sources of primary-level coverage for WERMERS in the
Underlying Action, which other sources of primary-level coverage rendered the Policy excess with
respect to both defense and indemnity coverage for the additional insured WERMERS, and (2) that
Endorsement No. M-5077 to the Policy excused NFM's duty to provide an immediate and complete
defense for WERMERS in the Underlying Action since WERMERS had allegedly tendered the
defense of the Underlying Action to other insurance carriers, regardless of whether or not any of
such separate tenders were accepted or accepted under a reservation of rights.

24.    WERMERS then sent letters to NFM dated on or about November 22, 2006, February
14, 2007, and April 5, 2007 which denied NFM's contentions with respect to the applicability of
Endorsements Nos. M-4685 and M-5077; identified the specific facts and controlling legal
authorities which rendered NFM's interpretation of the Policy erroneous and unreasonable in
violation of both the express terms and conditions of the Policy and the implied covenant of good
faith and fair dealing, including the settled body of California law precluding the enforcement of any
provisions attempting to excuse or render coverage excess in the presence of other sources of
primary level coverage to the insured and the available evidencing regarding the timing of alleged
damage arising from the named insured WICR's work; provided NFM with updates as to the
procedural status of the Underlying Action and the extent of damages incurred by the additional
insured in the defense of the Underlying Action without the benefit of coverage under the Policy, and
requested that NFM reverse its coverage position.

25.    On or about April 5, 2007, NFM finally responded to WERMERS' requests for
reconsideration of NFM's declination of the additional insured's tender of the Underlying Action and
affirmed the carrier's refusal to defend WERMERS in the Underlying Action on grounds including
the purported applicability of Endorsements Nos. M-4685 and M-5077. However, NFM's April 5,
2007 correspondence stated in relevant part that

National Fire is not denying Wanke [the named insured] may have liability to Wermers in the Monarch Hills action for damages potentially payable under the terms of the Policy. As such, National Fire requests it be provided with regular status reports from Wermers' counsel concerning the progress of the case as well as reports of any significant developments. National Fire will continue to monitor the matter and analyze all information sent to it to determine how much, if any, of any judgment or award against, or settlement on behalf of Wermers is owed under the Policy.

Despite directing WERMERS to furnish status reports and perform legal services related to the defense of WERMERS, NFM still refused to accept WERMERS' defense or pay for the costs of having WERMERS and its counsel perform such legal services.

26.    On or about April 27, 2007, WERMERS wrote to NFM to respond to NFM's April 5, 2007 renewed denial of WERMERS' tender to again provide a detailed analysis of the specific factual and legal errors in NFM's coverage position, notify NFM that NFM was the only insurer available to provide WERMERS with "first-dollar" defense coverage for claims arising from named insured WICR's work at the Project, and request that NFM either reverse its position and accept WERMERS' tender of the Underlying Action or provide prompt substantive responses to various questions raised by WERMERS to ascertain the specific facts and legal authorities which would justify a continued refusal to defend.

27.    Having failed to receive any response to its April 27, 2007 correspondence or any communication of any nature from NFM, WERMERS wrote to NFM again on or about May 25, 2007 to renew tender of the defense and indemnification of the Underlying Action, update NFM as to the status of the Underlying Action, remind NFM of WERMERS' lack of any other "first-dollar" defense coverage for claims arising from named insured WICR's work at the Project, and request that NFM identify the specific facts and law which supported NFM's coverage position in the event that the carrier maintained its refusal to defend WERMERS in the Underlying Action.

28.    On or about June 5, 2007, NFM wrote to WERMERS to affirm the denial of the additional insured's tender of the Underlying Action. This June 5, 2007 letter specifically referenced WERMERS' April 5, 2007 letter and was authored by a different adjuster than the author of all of NFM's previous correspondence with WERMERS regarding the tender of the Underlying Action. No mention was made in this June 5, 2007 letter of WERMERS' April 27, 2007 letter or any of the

1  issues raised by WERMERS therein, and the new adjuster summarily asserted that Endorsements

2  Nos. M-4685 and M-5077 and unspecified evidence showing that the only property damage arising

3  from the named insured WICR's work was caused by WICR's completed work and not the named

4  insured's ongoing operations all served to bar additional insured coverage for WERMERS in the

5  Underlying Action.

6     29.    On or about June 11, 2007, WERMERS sent another letter to NFM addressed to the

7  author of the June 5, 2007 correspondence which enclosed a copy of WERMERS' April 27, 2007

8  letter, noted the possible confusion arising from two different adjusters working on the same claim

9  file as the reason for the failure of NFM to respond to the specific issues raised in WERMERS' April

10  27, 2007 letter, noted the worrisome implications of apparent retreat by NFM from its earlier

11  acknowledgement that the damage claims arising out of named insured WICR's work may qualify

12  for additional insured coverage under the Policy, and requested that NFM re-evaluate WERMERS'

13  tender of the defense and indemnity of the Underlying Action giving reasonable consideration to all

14  information provided by WERMERS regarding the potential for additional insured coverage under

15  the Policy.

16     30.    On or about June 13, 2007, WERMERS sent the adjuster who authored NFM's June

17  5, 2007 correspondence another letter enclosing WERMERS' revised pre-mediation settlement

18  demand to named insured WICR served in advance of the June 19, 2007 mediation scheduled in the

19  Underlying Action to assist the re-evaluation of WERMERS' tender of the defense and indemnity of

20  the Underlying Action as an additional insured under the Policy and requested that NFM issue

21  settlement authority to WERMERS or otherwise participate in the June 19, 2007 mediation so as to

22  protect the interests of both its named and additional insureds.

23     31.    On or about June 15, 2007, NFM wrote WERMERS to affirm NFM's declination of

24  coverage for the additional insured in a two-sentence letter which failed to respond to or even

25  acknowledge any of the issues previously raised by WERMERS or the facts and legal authorities

26  identified by WERMERS regarding specific aspects of the interpretation by NFM of the terms and

27  conditions of the Policy and the information available regarding the nature, timing and extent of

28  alleged property damage arising from or related to named insured WICR's work at the Project.

32.    WERMERS has already attended at least four (4) sessions of mediation in the Underlying Action and, without benefit of any settlement authority from NFM and DOES 1 through 50, and each of them, and has been forced to watch as Plaintiff began to enter into various piecemeal settlements with other parties which only serve to increase WERMERS' exposure to claims for damages arising from or related to named insured WICR's work at the Project.

33.    WERMERS is informed and believes and thereon alleges that NFM is currently providing a defense to named insured WICR in the Underlying Action, despite the fact that WICR tendered the defense and indemnity of the same claims of property damage arising from or related to WICR's ongoing operations at the Project as Plaintiff has asserted against the additional insured WERMERS and despite the settled body of California law confirming that the duty to defend applies with equal force to named insureds and additional insureds.

34.    WERMERS is informed and believes and thereon alleges that NFM based its denial of coverage to WERMERS in the Underlying Action on an unreasonable evaluation and analysis of the available evidence of a potential for coverage for WERMERS under the Policy and a complete disregard for established tenets of California insurance law, including (1) NFM's duty to provide the additional insured with an immediate and complete defense of the Underlying Action even in the presence of both covered and non-covered claims or other potential sources of primary-level coverage so long as there is a bare potential for coverage for at least one claim asserted against the additional insured and (2) NFM's refusal to defend WERMERS on the grounds of an "other insurance" after WERMERS informed NFM that no other insurer was defending WERMERS. WERMERS repeatedly contacted NFM after receipt of Defendants' declination of tender to request that NFM reconsider its coverage position and protect WERMERS, but NFM and DOES 1 though 50, inclusive, failed and refused to undertake a reasonable evaluation of all readily available information evidencing a potential for additional insured coverage under the Policy.

35.    As a result of Defendants' refusal to provide WERMERS with a defense in the Underlying Action, WERMERS has been forced to incur substantial out-of-pocket expenses in the defense of the Underlying Action, including but not limited to such expenses as attorney's fees, consultant costs, and court and discovery expenses, and stands to incur further expenses, including

1  sums paid in settlement and/or satisfaction of judgment in the Underlying Action. WERMERS is

2  also unable to meaningfully participate in further mediation or settlement discussions in the

3  Underlying Action because NFM and DOES 1 through 50, inclusive, and each of them, have refused

4  to provide defend WERMERS and/or provide WERMERS with reasonable settlement authority

5  despite awareness of the substantial amount of damages alleged by Monarch HOA in the Underlying

6  Action. Finally, WERMERS has incurred attorneys fees and costs to pursue coverage from NFM

7  and DOES 1 through 50, inclusive, and each of them.

## FIRST CAUSE OF ACTION

### (Breach of Contract - Failure to Provide a Defense Against All Defendants)

10    36.    WERMERS incorporates by reference Paragraphs 1 through 35, inclusive, of this

11  Complaint as though fully set forth at length herein.

12    37.    The Policy described above is a written contract between WERMERS and NFM.

13    38.    The insurance policies other than the Policy issued by NFM are written contracts

14  between WERMERS and DOES 1 through 50, inclusive, and each of them.

15    39.    WERMERS is informed and believes and thereon alleges that the Insuring Agreement

16  in the Policy requires NFM to defend and indemnify WERMERS against property damage claims

17  arising out of WICR's ongoing operations, such as those claims advanced against WERMERS in the

18  Underlying Action.

19    40.    WERMERS is informed and believes and thereon alleges that the Insuring Agreement

20  in the policies issued by DOES 1 through 50, inclusive, and each of them, requires DOES 1 through

21  50, inclusive, and each of them, to defend and indemnify WERMERS against property damage

22  claims arising out of WERMERS and/or WICR's ongoing and/or completed operations, such as

23  those claims advanced against WERMERS in the Underlying Action.

24    39.    WERMERS has complied with, or is excused from complying with, all conditions in

25  the Policy and the policies which govern its entitlement to a defense in the Underlying Action.

26    40.    Defendants NFM and DOES 1 through 50, inclusive, and each of them, have

27  breached their contract of insurance with WERMERS in many respects, including the following:

28        a.    Despite WERMERS' timely demands for a defense in the Underlying Action,

1    Defendants have failed and/or refused to pay WERMERS' defense expenses;

2    b.    Defendants have prevented WERMERS from considering reasonable

3    settlement offers in the Underlying Action because WERMERS cannot

4    determine whether or not settlements in the Underlying Action will be

5    covered by insurance proceeds;

6    c.    Defendants have failed and refused to attend or otherwise participate in

7    court-ordered mediations and settlement conferences and have thereby

8    deprived WERMERS of the opportunity to meaningfully attend or otherwise

9    participate in mediation; and

10    d.    Defendants failed to furnish any factual basis or legal authority justifying

11    their denial of WERMERS' defense, but instead have adopted unreasonable

12    positions which disregard the available evidence of coverage and contradict

13    earlier admissions of coverage.

14    41.    As a proximate and legal result of each of the breaches by Defendants NFM and

15    DOES 1 through 50, inclusive, and each of them, of their respective contracts to provide

16    WERMERS with a defense in the Underlying Action, WERMERS has sustained substantial

17    damages, including, but not limited to, attorneys' fees in the Underlying Action, investigation costs,

18    consultant's fees, and other defense costs, together with loss of interest, and will sustain further

19    damages, including additional defense costs in the Underlying Action. WERMERS is currently out

20    of pocket more than $250,000 in un-reimbursed fees and costs incurred in the defense of

21    WERMERS in the Underlying Action. Furthermore, WERMERS has incurred attorneys' fees and

22    costs associated with the retention of Sullivan, Hill, Lewin, Rez & Engel to pursue and obtain

23    coverage on WERMERS' behalf.

24    **SECOND CAUSE OF ACTION**

25    **(Declaratory Relief - Duty to Defend, Against All Defendants)**

26    42.    WERMERS incorporates by reference Paragraphs 1 through 41, inclusive, of this

27    Complaint as though fully set forth at length herein.

28

43.   An actual controversy has arisen and now exists between WERMERS and
Defendants NFM and DOES 1 through 50, inclusive, and each of them, concerning the parties'
respective rights and duties under the Policy and/or parties described herein. WERMERS contends
that Defendants are each independently liable to WERMERS for all costs, expenses, charges and
fees incurred to date and in the future, under the Policy, in defending the claims brought against
WERMERS in the Underlying Action which arise out of or relate to WICR's ongoing operations at
the Project. The Defendants each dispute WERMERS' contention and contend that they do not have
a duty to defend WERMERS in the Underlying Action.

44.   WERMERS desires a judicial determination of its rights and duties, and a declaration
as to Defendants' duties to defend WERMERS against the claims in the Underlying Action.
Specifically, WERMERS desires a declaration that Defendants each had and continue to have an
independent, immediate ongoing duty to defend WERMERS in full against the claims in the
Underlying Action from the date of tender until such claims are resolved or Defendants each prove
that there is no longer any possibility for indemnity under their respective policies.

45.   A judicial determination is necessary and appropriate at this time because
WERMERS has expended money, and will continue to expend monies, to cover attorneys' fees,
costs and investigation expenses in defending itself from the claims in the Underlying Action and in
seeking to mitigate its losses.

46.   A judicial determination of the respective rights, duties and liabilities of the parties
under the policies is necessary so that all of the parties can assess their respective positions, rights
and responsibilities and to avoid prejudicing WERMERS' rights.

## THIRD CAUSE OF ACTION

### (Breach of Contract - Failure to Indemnify, Against All Defendants)

47.   WERMERS incorporates by reference Paragraphs 1 through 41, inclusive, of this
Complaint as though fully set forth at length herein.

48.   The Policy described above is a written contract between WERMERS and Defendants
NFM and DOES 1 through 50, inclusive, and each of them.

49.     WERMERS has complied with, or is excused from complying with, all conditions governing WERMERS' entitlement to coverage benefits under the Policy and/or policies.

50.     Each of the Defendants, NFM and DOES 1 through 50, inclusive, has an independent duty under the Policy or policies to indemnify WERMERS for any and all losses and liabilities resulting from the claims in the Underlying Action arising out of or relating to WICR's and/or WERMERS' ongoing operations at the Project.

51.     Defendants NFM and DOES 1 through 50, inclusive, and each of them, have each breached their contract of insurance with WERMERS by failing and/or refusing to indemnify WERMERS for losses and liabilities resulting from the claims in the Underlying Action, and by refusing to extend settlement authority in the Underlying Action to WERMERS.

52.     As a proximate legal result of the breach of contract by each of the Defendants, WERMERS has sustained, or will sustain, damages and expenses together with a loss of interest. WERMERS' damages include, among other things, settlements by or judgments against WERMERS in the Underlying Action.  These damages will continue to be sustained in the future.  The total amount of these damages is unknown at present but will be proven at the time of trial.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief - Duty to Indemnify, Against All Defendants)

53.     WERMERS incorporates by reference Paragraphs 1 through 41, inclusive, and Paragraphs 47 through 52, inclusive, of this Complaint as though fully set forth at length herein.

54.     Actual controversies have arisen and now exist between WERMERS and Defendants NFM and DOES 1 through 50, inclusive, and each of them, concerning the parties' respective rights and duties under the Policy.  WERMERS contends that Defendants are liable, subject to any deductible provisions and/or policy limits, to indemnify WERMERS for any and all losses and liabilities, including all costs, expenses and damages incurred to date, and in the future, resulting from the claims made in the Underlying Action.  Defendants, and each of them, dispute WERMERS' contentions and contend that they have no duty to indemnify WERMERS in the Underlying Action.

55.     WERMERS desires a judicial determination of its rights and duties, and a declaration as to the Defendants' duties to indemnify WERMERS for any and all losses and liabilities arising out

1    of the claims in the Underlying Action. Specifically, WERMERS desires a judicial determination

2    and declaration setting forth:

3            a.      that Defendants NFM and DOES 1 through 50, inclusive, and each of them,

4                  are independently liable to indemnify WERMERS in full for any and all

5                  losses and liabilities as a result of the claims in the Underlying Action which

6                  arise out of or relate to WICR's ongoing operations at the Project, and

7            b.      the amounts of remaining coverage under the Policy and/or policies,

8                  including whether any limits of coverage on a per-accident, per-occurrence,

9                  or on an aggregate limit basis have been exhausted or satisfied.

10      56.     A judicial declaration is necessary and appropriate at this time because WERMERS

11    has expended monies, and will continue to expend monies, in responding to the claims in the

12    Underlying Action which arise out of or relate to WICR's ongoing operations at the Project.

13      57.     A judicial determination of the respective rights, duties and liabilities of the parties

14    under the Policy and/or policies is necessary so that all of the parties can assess their respective

15    positions, rights, and responsibilities and to avoid undue prejudice to WERMERS' rights.

16                             **FIFTH CAUSE OF ACTION**

17      **(Breach of the Implied Covenant of Good Faith and Fair Dealing Against All Defendants)**

18      58.     WERMERS incorporates by reference Paragraphs 1 through 41, inclusive, and

19    Paragraphs 47 through 52, inclusive, of this Complaint as though fully set forth at length herein.

20      59.     The Policy or policies issued to WERMERS by NFM and DOES 1 through 50,

21    inclusive, contain an implied covenant that no party to the contract will do anything to injure,

22    frustrate, or interfere with the right of the other party to receive the benefits of the contract. This

23    implied covenant imposes a duty of good faith and fair dealing on the parties and the duty to act in a

24    fair and honest manner. The duty of good faith and fair dealing specifically obligates Defendants

25    NFM and DOES 1 through 50, inclusive, to refrain from putting their own interests above those of

26    WERMERS.

27      60.     WERMERS has provided and repeatedly offered to provide NFM and DOES 1

28    through 50, inclusive, and each of them, detailed information regarding the factual and legal basis of

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, DECLARATORY RELIEF, BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING, AND UNLAWFUL BUSINESS PRACTICES

1  the claims against WERMERS in the Underlying Action.  WERMERS also provided and/or offered

2  to provide NFM detailed information regarding the factual and legal basis of WERMERS'

3  entitlement to coverage under the Policy.  This information included, but was not limited to, the

4  pleadings in the Underlying Action and relevant contract and project documentation illustrating the

5  timing of WICR's work at the Project and conditions creating potential property damage arising out

6  of WICR's ongoing operations prior to the expiration of additional insured coverage under the

7  Policy.  Notwithstanding WERMERS' efforts, Defendants NFM and DOES 1 through 50, inclusive,

8  and each of them, have failed and refused, and continue to fail and refuse, to defend or indemnify

9  WERMERS against those claims, or otherwise provide coverage to WERMERS in connection with

10  the Underlying Action.

11    61.    WERMERS is informed and believes and thereon alleges that Defendants NFM and

12  DOES 1 through 50, inclusive, and each of them, breached their respective duties of good faith and

13  fair dealing owing to WERMERS in various respects, including but not limited to some or all of the

14  following:

15    a.    unreasonably and in bad faith failing to provide insurance benefits to

16    WERMERS at a time when said Defendants knew, or reasonably should

17    have known, that WERMERS was entitled to them, thus causing the

18    additional insured severe financial hardship;

19    b.    unreasonably and in bad faith interpreting the provisions of the Policy and the

20    factual circumstances so as to resolve perceived ambiguities and

21    uncertainties against WERMERS and to favor their own interests over that of

22    WERMERS;

23    c.    unreasonably and in bad faith failing to act properly and reasonably upon

24    communications from WERMERS and its defense counsel, including but not

25    limited to failing and/or refusing to respond to reasonable inquiries by

26    WERMERS within fifteen (15) days as required by the California Insurance

27    Regulations and engaging in some or all of the other conduct described in

28    this Paragraph;

d.    unreasonably and in bad faith failing to provide WERMERS with a meaningful defense in the Underlying Action when each of said Defendants knew, or should have known in light of the repeated advisements of the California Supreme Court as to the need to provide an immediate and complete defense of third-party liability claims like the Underlying Action in order to fulfill the defense obligation owed to additional insureds, that there was a clear potential or possibility for coverage under the Policy and that WERMERS was in need of a defense to which it was entitled;

e.    unreasonably and in bad faith failing and/or refusing to investigate the factual circumstances surrounding whether property damage actually or potentially occurred during NFM's policy period arising out of the ongoing operations of WICR at the Project despite the fact that WERMERS provided documentary evidence and other factual information suggesting that such property damage actually and/or allegedly occurred;

f.    unreasonably and in bad faith failing to give a reasonable and complete explanation of reasons for refusing to defend, or giving spurious and inaccurate reasons, unsupported by fact or by law, including, but not limited to, the refusal to respond to specific questions raised to NFM concerning the basis for NFM's failure to pay defense fees of WERMERS;

g.    unreasonably and in bad faith refusing to defend and indemnify WERMERS;

h.    unreasonably and in bad faith failing to extend settlement authority to WERMERS;

i.    unreasonably and in bad faith failing and/or refusing to accept a settlement offer to WERMERS within the remaining limits of the Policy and/or policies, thereby exposing WERMERS to a judgment in excess of the remaining limits of the Policy and/or policies;

j.    unreasonably and in bad faith refusing to participate in settlement

negotiations, mediations, and settlement conferences on behalf of WERMERS
in the Underlying Action, and thereby depriving WERMERS of the use of
insurance proceeds and the opportunity to enter reasonable settlements within
policy limits;

    k.    unreasonably and in bad faith citing numerous exclusions and coverage
limitations without any factual analysis as to why said exclusions and
coverage limitations apply under the facts of said claims for the purpose of
justifying its improper denial of coverage in said claims, including but not
limited to the limitation of additional insured coverage to claims arising from
or related to the ongoing operations of the named insured;

    l.    misrepresenting facts by suggesting that WERMERS was seeking first dollar
insurance coverage from other carriers for claims arising out of WICR's work
at the Project.

    m.    unreasonably and in bad faith citing numerous exclusions and coverage
limitations without any analysis of the controlling legal authorities governing
the application of said exclusions and coverage limitations, including but not
limited to Endorsements Nos. M-4685 and M-5077;

    n.    treating insureds differently by providing a defense in the Underlying Action
to named insured WICR while simultaneously refusing to defend the
additional insured against the exact same claims as asserted against the named
insured, and

    62.    Each of said Defendants' wrongful conduct has caused, and will continue to cause,
WERMERS damages, including attorneys' fees and costs incurred in defending and responding to
the Underlying Action; attorneys' fees and costs to pursue and obtain coverage; and other damages,
together with interest according to proof at trial.

    63.    Defendants NFM and DOES 1 through 50, inclusive, and each of them, have engaged
in despicable conduct with a conscious disregard for WERMERS' rights, and with an intent to vex,
injure and annoy WERMERS, such as to constitute oppression, fraud, or malice under California

1  Civil Code Section 3294, justifying punitive and exemplary damages in an amount to be determined

2  by proof at the time of trial sufficient to punish and set an example of Defendants.

3  <u>SIXTH CAUSE OF ACTION</u>

4  **(Unlawful Business Practices Pursuant to California Business & Professions Code Sections**
**17200, et. seq., against NFM)**

5

6      64.    WERMERS incorporates by reference Paragraphs 1 through 63, inclusive, of this

7  Complaint as though fully set forth at length herein.

8      65.    WERMERS is informed and believes, and on that basis alleges, that NFM's treatment

9  of WERMERS is pursuant to deliberate, pre-mediated, and intentional company policies that are

10 designed to save NFM expenses by discriminating against additional insureds.  In particular, NFM's

11 company policies include

12      a.    the adoption and implementation of claims-handling procedures and tactics to

13          frustrate and deny additional insureds the prompt handling of claims;

14      b.    refusing to pay defense expenditures of additional insureds and denying

15          settlement authority to additional insureds;

16      c.    treating additional insureds as if they have "lesser rights" than named

17          insureds;

18      d.    failing and refusing to attended court-ordered mandatory settlement

19          conferences or mediation sessions;

20      e.    failing and refusing to grant settlement authority to adjusters and defense

21          attorneys assigned to additional insureds;

22      f.    failing and refusing to enter into reasonable settlements on behalf of

23          additional insureds, even in circumstances where there is a substantial

24          probability that an additional insured will have exposure in excess of the

25          limits of the Policy;

26      g.    failing and refusing to honor additional insureds' election to have NFM be the

27          primary carrier to defend or indemnity; and

28      h.    exercising economic duress and other tactics designed to foist coverage

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, DECLARATORY RELIEF, BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING, AND UNLAWFUL BUSINESS PRACTICES

1    obligations on other potentially responsible carriers of additional insureds.

2    66.    WERMERS is informed and believes and thereon alleges that NFM's company

3    policies as described herein unreasonably and unlawfully deprive additional insureds such as

4    WERMERS of coverage to which they are entitled and for which they negotiated under NFM's

5    policies and of which policyholders have a reasonable expectation.

6    67.    WERMERS is informed and believes, and on that basis alleges, that in furtherance of

7    NFM's company policies regarding additional insureds:

8        a.    NFM does not advise additional insureds or named insureds of its "company

9            policies" at the time it underwrites and sells its policies to policyholders;

10       b.    the express terms of NFM policies state that NFM shall have the right and

11           obligation to defend and indemnify policyholders against third-party property

12           damage claims;

13       c.    the express terms of NFM's policies state that coverage is afforded under

14           NFM policies, yet the application of NFM's "company policies" operate

15           effectively to deny coverage to additional insureds and causes named insureds

16           to violate contractual obligations to afford coverage to additional insureds;

17           and

18       d.    members of the public, including named insureds with obligations to extend or

19           provide coverage to additional insureds, will purchase NFM policies without

20           realizing that NFM has no intent of affording coverage to additional insureds

21           or following established California law requiring duties owed to additional

22           insureds.

23    68.    WERMERS is informed and believes, and on that basis alleges, that NFM's company

24    polices and practices discriminate against additional insureds, whether said policies and practices are

25    considered in whole or in isolations, constitute and unlawful business practices within the meaning

26    of California Business and Professions Code Section 17200, et seq.

27    69.    As a direct and proximate result of NFM's unlawful business practices described

28    above, WERMERS and other insureds of NFM have had, and will continue to have, insurance

1   claims wrongfully denied by NFM, resulting in great expense to WERMERS, as well as resulting in

2   an inappropriate windfall and undeserved profits to NFM.

3         70.      WERMERS is entitled to injunctive relief, pursuant to California Business and

4   Professions Code Section 17203, because WERMERS will suffer irreparable harm unless NFM is

5   restrained from performing the acts, misrepresentations, omissions, and practices of NFM that

6   comprise NFM's company policies described herein because unless restrained, NFM will continue to

7   engage in the unlawful business practices described herein because, among other things, such

8   business practices: (1) create an irresistible incentive to NFM to deny claims where NFM is legally

9   obligated to afford coverage; and (2) have resulted in tremendous profits to NFM in avoiding

10  defense and indemnity obligations on numerous claims where such obligations are owed by NFM to

11  policyholders.  Furthermore, WICR has worked on other projects as a subcontractor to WERMERS,

12  and WERMERS is informed and believes and thereon alleges that NFM named WERMERS as an

13  additional insured on those projects as well.  Therefore, WERMERS will be facing this situation

14  again unless injunctive relief is granted.  Thus, WERMERS is entitled to injunctive relief because it

15  has no other adequate remedy at law.

16        71.      WERMERS is entitled to an injunction which:

17              a.      restrains NFM from applying its company policies to discriminate against

18                     additional insureds such as WERMERS; and

19              b.      requires NFM to review, re-evaluate, reach new coverage determinations, and

20                     advise WERMERS of NFM's new coverage determinations as to tenders of

21                     defense and/or indemnity by WERMERS to NFM of any and all third-party

22                     claims against WERMERS where NFM has denied or otherwise failed to

23                     provide coverage to WERMERS based in whole or in part upon NFM's

24                     company policies.

## PRAYER FOR RELIEF

25  WHEREFORE, WERMERS prays for judgment against NFM and DOES 1 through 50,

26  inclusive, and each of them, as follows:

28

1     2.     A declaration that NFM and DOES 1 through 50, inclusive, and each of them, are

2 independently liable and obligated to indemnify WERMERS in full for any and all losses and

3 liabilities as a result of the claims in the Underlying Action;

4     3.     A declaration that NFM and DOES 1 through 50, inclusive, and each of them, must

5 attend court-ordered mandatory settlement conferences and mediations on behalf of WERMERS

6 with authority to settle the Underlying Action consistent with applicable policy limits;

7     4.     A declaration that NFM and DOES 1 through 50, inclusive, and each of them, must

8 accept and fund reasonable settlement offers or demands within policy limits where there is a

9 reasonable probability that WERMERS' exposure exceeds available policy limits;

10     5.     A declaration as to the available policy limits, including per occurrence and aggregate

11 limits, and any exhaustion thereof; and

12     6.     Costs of suit;

13 **AS AND FOR THE FIFTH CAUSE OF ACTION FOR BREACH OF THE IMPLIED**

14 **COVENANT OF GOOD FAITH AND FAIR DEALING:**

15     1.     General, special and consequential damages proximately caused by NFM and DOES

16 1 through 50, inclusive, and each of them, according to proof at trial;

17     2.     Punitive damages against NFM and DOES 1 through 50, inclusive, and each of them,

18 in an amount sufficient to punish, deter and make an example of said Defendants, and according to

19 proof at trial;

20     3.     For pre-judgment interest at the rate of at least ten percent *per annum* as permitted by

21 law;

22     4.     Reasonable attorneys' fees and other expenses incurred to pursue and establish

23 coverage; and

24     5.     Costs of suit;

25 **AS AND FOR THE SIXTH CAUSE OF ACTION FOR UNLAWFUL BUSINESS**

26 **PRACTICES UNDER CAL. BUS. & PROF. CODE § 17200 ET SEQ.:**

27     1.     Injunctive relief restraining NFM from engaging in its company policies and practices

28 of discriminating against additional insureds, including WERMERS;

1       2.     An injunction directing NFM to review and re-evaluate its company policies and

2 practices and coverage determinations; adopt new, written company policies and practices and

3 coverage determines to prohibit and prevent discrimination against WERMERS; and advise

4 WERMERS in writing of NFM's new company policies and practices and coverage determinations

5 as to tenders for defense and/or indemnity by WERMERS to NFM where NFM has denied or

6 deprived coverage to WERMERS in whole or in part upon NFM's company policies and practices of

7 denying coverage to and discriminating against additional insureds, and

8       3.     Costs of suit.

9       **AS AND FOR EACH CAUSE OF ACTION**, such other and further relief as is just and

10 proper.

11 Dated:      February 4, 2008         SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                 A Professional Law Corporation

12

13                               By:                              

14                               Timothy C. Earl
                              Sean M. Gaffney

15                               Attorneys for Plaintiff WERMERS
                              MULTI-FAMILY CORP.

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR BREACH OF WRITTEN CONTRACT, DECLARATORY RELIEF, BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING, AND UNLAWFUL BUSINESS PRACTICES

08/05/2007 02:24 PM

A STOCK COMPANY

# COMMERCIAL POLICY

Report **ALL** Accidents To:

# 1-800-356-5750

24 Hour          Toll Free

---

### IMPORTANT NOTICE

If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in termination of your policy.

M-2533a (11/95)

---

THESE POLICY PROVISIONS WITH THE DECLARATIONS PAGE, COVERAGE FORM AND ENDORSEMENTS, IF ANY, COMPLETE THIS POLICY

M-4600 (9/95)

06/05/2007 02:24 PM

# COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions:

## A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 10 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. INSPECTIONS AND SURVEYS

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

## E. PREMIUMS

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

### (Broad Form) (Not Applicable in New York)

1. The insurance does not apply:

    A. Under any Liability Coverage, to "bodily injury" or "property damage":

    (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

    (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

    B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

    C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from the "hazardous properties" of "nuclear material," if:

    (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

    (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an "insured"; or

    (3) The "bodily injury" or "property damage" arises out of the furnishings by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility," but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

    "Hazardous properties" include radioactive, toxic or explosive properties;

    "Nuclear material" means "source material," "special nuclear material" or "by-product material";

    "Source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

    "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor";

    "Waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility."

    "Nuclear facility" means:

    (a) Any "nuclear reactor";

    (b) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel," or (3) handling, processing or packaging "waste";

    (c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

    (d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

    and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

    "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

    "Property damage" includes all forms of radioactive contamination of property.

08/05/2007 02:24 PM
04/20/2004 07:40 AM

NEW
RENEWAL OF NUMBER

# NATIONAL FIRE & MARINE INSURANCE COMPANY
OMAHA, NEBRASKA

## COMMERCIAL GENERAL LIABILITY - DECLARATIONS

GA Code: N06052

Sub-Agent's Code: 8TSW
Stewart Smith West Insurance
535 N. Brand Blvd., Suite 800
Glendale, CA 91203

## 72 LPN 23 87 92

Named Insured and Address: (No., Street, Town or City, County, State, Zip)

Wanke Industrial, Commercial & Residential, Inc.

PO Box 1150

Cathedral City, CA 92235

POLICY PERIOD: Policy covers FROM 04/28/2003   12:01 A.M. TO 05/01/2004    12:01 A.M. Standard Time at the Named Insured's Address stated above.

The named insured is:
☐ Individual     ☐ Partnership     ☒ Corporation     ☐ Joint Venture     ☐ Other: _____

Business of the named insured is: (ENTER BELOW)         Audit Period: Annual, unless otherwise stated. (ENTER BELOW)
Artisan Contractor

### LIMITS OF INSURANCE

| | |
|---|---|
| GENERAL AGGREGATE LIMIT (OTHER THAN PRODUCT-COMPLETED OPERATIONS) | $ 2,000,000 |
| PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT | $ 2,000,000 |
| PERSONAL & ADVERTISING INJURY LIMIT | $ 1,000,000 |
| EACH OCCURRENCE LIMIT | $ 1,000,000 |
| FIRE DAMAGE LIMIT | $ 50,000   ANY ONE FIRE |
| MEDICAL EXPENSE LIMIT | $ 5,000   ANY ONE PERSON |

| COVERAGE | ADVANCE PREMIUM |
|---|---|
| COMMERCIAL GENERAL LIABILITY COVERAGE (SEE SCHEDULE FORM M-3778) | $ 182,171.00 |
| OTHER COVERAGE (DESCRIBE) | $ _____ |
| Annual Minimum Premium   $ 163,954   TOTAL ADVANCE PREMIUM | $ 182,171.00 |

RETROACTIVE DATE (CG 00 02 - applicable to claims made coverage form only)
Coverage A of this insurance does not apply to "bodily injury" or "property damage" which occurs before the Retroactive Date, if any, shown below.

Retroactive Date: _____ None _____
(Enter Date or "None" if no Retroactive Date applies.)

Location of All Premises You Own, Rent or Occupy:
See Attached M 5080

ENDORSEMENTS ATTACHED TO THIS POLICY:
See Attached M 4572

Countersigned at Ringwalt & Liesche Co.  dba Pacific Gateway Insurance Agency
Santa Clarita , CA .   By _____
Authorized Representative

In Witness whereof, we have caused this policy to be executed and attested.

_Secretary_         _President_

FM-3777 (3/97)

General Agent/Company Copy - 1.0.13 05/09/2003 KJK

06/05/2007 02:24 PM
04/20/2004 07:48 AM

SCHEDULE OF FORMS AND ENDORSEMENTS AT POLICY INCEPTION

POLICY # 72LPN238792

INSURED  Wanke Industrial, Commercial & Residential, Inc.

EFFECTIVE 04/28/2003  12:01AM

| | | |
|---|---|---|
| CG0001 | 10/2001 | Commercial General Liability Coverage Form |
| CG0300 | 01/1996 | Deductible Liability Insurance |
| CG2009 | 03/1997 | Additional Insured - Owners, Lessees or Contractors - Scheduled Person or Organization |
| CG2139 | 10/1993 | Contractual Liability Limitation |
| CG2143 | 01/1996 | Exclusion - Explosion, Collapse and Underground Property Damage Hazard |
| CG2147 | 07/1998 | Employment - Related Practices Exclusion |
| CG2234 | 07/1998 | Exclusion - Construction Management Errors and Omissions |
| CG2279 | 07/1998 | Exclusion - Contractors- Professional Liability |
| FM2984a | 05/1989 | Service of Suit |
| FM3777 | 03/1987 | Commercial General Liability - Declarations |
| M3776a | 11/1987 | Schedule of Operations |
| M3792b | 12/2002 | Amandatory Property Damage Exclusion |
| M3795 | 03/1987 | Punitive Damages Exclusion |
| M4084 | 03/1990 | Exclusion - Lead Paint |
| M4359b | 04/2002 | Total Pollution Exclusion |
| M4572 | 12/1994 | Schedule of Forms & Endorsements at Policy Inception |
| M4600 | 06/1995 | Commercial Policy |
| M4685 | 09/1996 | Other Insurance Endorsement |
| M5058a | 10/2001 | Fungus Exclusion |
| M5059a | 10/2001 | Subsidence Exclusion |
| M5073 | 12/2001 | Exclusion - War & Terrorism |
| M5075 | 12/2001 | Exclusion - Asbestos |
| M5076 | 12/2001 | Exclusion of Damages Commencing Prior to Policy Period Broad Form Exclusion |
| M5077 | 12/2001 | Election of Insurance Carrier for Defense Limited Duty to Defend Broad Form Limitation |
| M5080 | 02/2002 | Commercial General Liability Locations |
| M5098 | 08/2003 | Independent Contractors and Sub-Contractors Coverage Requirement - Exclusion |
| M5097 | 08/2002 | Exclusion - Exterior Insulation & Finish Systems |
| M5107 | 08/2002 | Prior Work Exclusion - Inception |
| M5122 | 12/2002 | Policyholder Disclosure Notice of Terrorism Insurance Coverage |

M-4572 (12/94)

06/05/2007 02:24 PM

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

## SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

© ISO Properties, Inc., 2000

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

2. Exclusions

This insurance does not apply to:

a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

c. Liquor Liability

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or.

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

d. Workers' Compensation And Similar Laws

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

e. Employer's Liability

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

06/05/2007 02:25 PM

1. **Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

(i) "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building;

(ii) "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

(iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

(i) Any insured; or

(ii) Any person or organization for whom you may be legally responsible; or

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:

(i) "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

(ii) "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

(iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

(e) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".

(2) Any loss, cost or expense arising out of any:

(a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(b) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

g. Aircraft, Auto Or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

(1) A watercraft while ashore on premises you own or rent;

(2) A watercraft you do not own that is:

(a) Less than 26 feet long; and

(b) Not being used to carry persons or property for a charge;

(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4) Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

(5) "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in Paragraph f.(2) or f.(3) of the definition of "mobile equipment".

h. Mobile Equipment

"Bodily injury" or "property damage" arising out of:

(1) The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

(2) The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

i. War

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

j. Damage To Property

"Property damage" to:

(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

   © ISO Properties, Inc., 2000   CG 00 01 10 01   □

06/05/2007 02:25 PM

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III – Limits Of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

k. Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

l. Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m. Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n. Recall Of Products, Work Or Impaired Property

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

o. Personal And Advertising Injury

"Bodily injury" arising out of "personal and advertising injury".

Exclusions c. through n. do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in Section III – Limits Of Insurance.

COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

2. Exclusions

This insurance does not apply to:

a. Knowing Violation Of Rights Of Another

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

b. Material Published With Knowledge Of Falsity

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

c. Material Published Prior To Policy Period

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

d. Criminal Acts

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

e. Contractual Liability

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

f. Breach Of Contract

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

g. Quality Or Performance Of Goods – Failure To Conform To Statements

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

h. Wrong Description Of Prices

"Personal and advertising injury" arising out of the wrong description of the price of goods, products or services stated in your "advertisement".

i. Infringement Of Copyright, Patent, Trademark Or Trade Secret

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

j. Insureds In Media And Internet Type Businesses

"Personal and advertising injury" committed by an insured whose business is:

(1) Advertising, broadcasting, publishing or telecasting;

(2) Designing or determining content of websites for others; or

(3) An Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraphs 14.a., b. and c. of "personal and advertising injury" under the Definitions Section.

For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.

k. Electronic Chatrooms Or Bulletin Boards

"Personal and advertising injury" arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

© ISO Properties, Inc., 2000          CG 00 01 10 01     □

08/05/2007 02:25 PM

l. Unauthorized Use Of Another's Name Or Product

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

m. Pollution

"Personal and advertising injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

n. Pollution-Related

Any loss, cost or expense arising out of any:

(1) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

COVERAGE C MEDICAL PAYMENTS

1. Insuring Agreement

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

(1) On premises you own or rent;

(2) On ways next to premises you own or rent; or

(3) Because of your operations;

provided that:

(1) The accident takes place in the "coverage territory" and during the policy period;

(2) The expenses are incurred and reported to us within one year of the date of the accident; and

(3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

(1) First aid administered at the time of an accident;

(2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

(3) Necessary ambulance, hospital, professional nursing and funeral services.

2. Exclusions

We will not pay expenses for "bodily injury":

a. Any Insured

To any insured, except "volunteer workers".

b. Hired Person

To a person hired to do work for or on behalf of any insured or a tenant of any insured.

c. Injury On Normally Occupied Premises

To a person injured on that part of premises you own or rent that the person normally occupies.

d. Workers Compensation And Similar Laws

To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

e. Athletics Activities

To a person injured while taking part in athletics.

f. Products-Completed Operations Hazard

Included within the "products-completed operations hazard".

g. Coverage A Exclusions

Excluded under Coverage A.

h. War

Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

SUPPLEMENTARY PAYMENTS – COVERAGES A AND B

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

l. All expenses we incur.

CG 00 01 10 01                    © ISO Properties, Inc., 2000                    Page 7 of 16    □

06/05/2007 02:25 PM

b. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

c. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

d. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

e. All costs taxed against the insured in the "suit".

f. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

g. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

2. If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

b. This insurance applies to such liability assumed by the insured;

c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

f. The indemnitee:

(1) Agrees in writing to:

(a) Cooperate with us in the investigation, settlement or defense of the "suit";

(b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

(c) Notify any other insurer whose coverage is available to the indemnitee; and

(d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

(2) Provides us with written authorization to:

(a) Obtain records and other information related to the "suit"; and

(b) Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph 2.b.(2) of Section I – Coverage A – Bodily Injury And Property Damage Liability, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

a. We have used up the applicable limit of insurance in the payment of judgments or settlements; or

b. The conditions set forth above, or the terms of the agreement described in Paragraph f. above, are no longer met.

© ISO Properties, Inc., 2000
CG 00 01 10 01    □

06/05/2007 02:25 PM

## SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

2. Each of the following is also an insured:

a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

(1) "Bodily injury" or "personal and advertising injury":

(a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

(b) To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (1)(a) above;

(c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (b) above; or

(d) Arising out of his or her providing or failing to provide professional health care services.

(2) "Property damage" to property:

(a) Owned, occupied or used by,

(b) Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

c. Any person or organization having proper temporary custody of your property if you die, but only:

(1) With respect to liability arising out of the maintenance or use of that property; and

(2) Until your legal representative has been appointed.

d. Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

3. With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

a. "Bodily injury" to a co-"employee" of the person driving the equipment; or

b. "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

06/05/2007 02:25 PM

4. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

   a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

   b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

   c. Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION III – LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   a. Insureds;

   b. Claims made or "suits" brought; or

   c. Persons or organizations making claims or bringing "suits".

2. The General Aggregate Limit is the most we will pay for the sum of:

   a. Medical expenses under Coverage C;

   b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

   c. Damages under Coverage B.

3. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

4. Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

5. Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   a. Damages under Coverage A; and

   b. Medical expenses under Coverage C

   because of all "bodily injury" and "property damage" arising out of any one "occurrence".

6. Subject to 5. above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage A for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

7. Subject to 5. above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

1. Bankruptcy

   Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

   (1) Immediately record the specifics of the claim or "suit" and the date received; and

   (2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   (2) Authorize us to obtain records and other information;

   (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

   (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**3.** Legal Action Against Us

No person or organization has a right under this Coverage Part:

   **a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

   **b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

**4.** Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

**a.** Primary Insurance

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

**b.** Excess Insurance

This insurance is excess over:

   (1) Any of the other insurance, whether primary, excess, contingent or on any other basis:

     (a) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

     (b) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

     (c) That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

     (d) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section I – Coverage A – Bodily Injury And Property Damage Liability.

   (2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c. Method Of Sharing

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

5. Premium Audit

a. We will compute all premiums for this Coverage Part in accordance with our rules and rates.

b. Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit and retrospective premiums is the date shown as the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

c. The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

6. Representations

By accepting this policy, you agree:

a. The statements in the Declarations are accurate and complete;

b. Those statements are based upon representations you made to us; and

c. We have issued this policy in reliance upon your representations.

7. Separation Of Insureds

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or "suit" is brought.

8. Transfer Of Rights Of Recovery Against Others To Us

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

9. When We Do Not Renew

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

SECTION V – DEFINITIONS

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

b. Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

2. "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment".

© ISO Properties, Inc., 2000                CG 00 01 10 01    □

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

b. International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in a. above; or

c. All other parts of the world if the injury or damage arises out of:

(1) Goods or products made or sold by you in the territory described in a. above;

(2) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; or

(3) "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication

provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in a. above or in a settlement we agree to.

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

7. "Hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

b. Your fulfilling the terms of the contract or agreement.

9. "Insured contract" means:

a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b. A sidetrack agreement;

c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. An elevator maintenance agreement;

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f. does not include that part of any contract or agreement:

(1) That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

(2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(a) Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

(b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

(3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

06/05/2007 02:25 PM

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

11. "Loading or unloading" means the handling of property:

a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

b. While it is in or on an aircraft, watercraft or "auto"; or

c. While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

12. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises you own or rent;

c. Vehicles that travel on crawler treads;

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

(1) Power cranes, shovels, loaders, diggers or drills; or

(2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

e. Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

(1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

(2) Cherry pickers and similar devices used to raise or lower workers;

f. Vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

(1) Equipment designed primarily for:

(a) Snow removal;

(b) Road maintenance, but not construction or resurfacing; or

(c) Street cleaning;

(2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

(3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

© ISO Properties, Inc., 2000        CG 00 01 10 01    □

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

16. "Products-completed operations hazard":

   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      (1) Products that are still in your physical possession; or

      (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

         (a) When all of the work called for in your contract has been completed.

         (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

         (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

         Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

   b. Does not include "bodily injury" or "property damage" arising out of:

      (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

      (2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

      (3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

   a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

21. "Your product":

   a. Means:

      (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

         (a) You;

         (b) Others trading under your name; or

         (c) A person or organization whose business or assets you have acquired; and

      (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

08/05/2007 02:25 PM

b. Includes

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

(2) The providing of or failure to provide warnings or instructions.

c. Does not include vending machines or other property rented to or located for the use of others but not sold.

**22. "Your work":**

a. Means:

(1) Work or operations performed by you or on your behalf; and

(2) Materials, parts or equipment furnished in connection with such work or operations.

b. Includes

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

(2) The providing of or failure to provide warnings or instructions.

    © ISO Properties, Inc., 2000    CG 00 01 10 01    ☐

05/05/2007 02:25 PM
04/20/2004 07:48 AM

POLICY NUMBER: 72LPN238792

COMMERCIAL GENERAL LIABILITY
CG 03 00 01 96

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# DEDUCTIBLE LIABILITY INSURANCE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

## SCHEDULE

| Coverage | Amount and Basis of Deductible | |
| --- | --- | --- |
| | PER CLAIM   or   PER OCCURRENCE | |
| Bodily Injury Liability | $ 2,500 | $ |
| OR | | |
| Property Damage Liability | $ 2,500 | $ |
| OR | | |
| Bodily Injury Liability and/or Property Damage Liability Combined | $ | $ |

(If no entry appear above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

APPLICATION OF ENDORSEMENT (Enter below any limitations on the application of this endorsement. If no limitation is entered, the deductibles apply to damages for all "bodily injury" and "property damage", however caused):

A. Our obligation under the Bodily Injury Liability and Property Damage Liability Coverage to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in Schedule above as applicable to such coverages.

B. You may select a deductible amount on either a per claim or a per "occurrence" basis. Your selected deductible applies to the coverage option and to the basis of the deductible indicated by the placement of the deductible amount in the Schedule above. The deductible amount stated in the Schedule above applies as follows:

1. PER CLAIM BASIS. If the deductible amount indicated in the Schedule above is on a per claim basis, that deductible applies as follows:

a. Under Bodily Injury Liability Coverage, to all damages sustained by any one person because of "bodily injury";

b. Under Property Damage Liability Coverage, to all damages sustained by any one person because of "property damage"; or

c. Under Bodily Injury Liability and/or Property Damage Liability Coverage Combined, to all damages sustained by any one person because of:

(1) "Bodily injury";

(2) "Property damage"; or

(3) "Bodily injury" and "property damage" combined

as the result of any one "occurrence".

If damages are claimed for care, loss of services or death resulting at any time from "bodily injury", a separate deductible amount will be applied to each person making a claim for such damages.

With respect to "property damage", person includes an organization.

CG 03 00 01 96          Copyright, Insurance Services Office, Inc., 1994          Page 1 of 2   □
General Agent/Company Copy  -  1.0.13 05/09/2003 KJK

06/05/2007 02:25 PM

04/20/2004 07:46 AM

2. **PER OCCURRENCE BASIS.** If the deductible amount indicated in the Schedule above is on a "per occurrence" basis, that deductible amount applies as follows:

   a. Under Bodily Injury Liability Coverage, to all damages because of "bodily injury";

   b. Under Property Damage Liability Coverage, to all damages because of "property damage"; or

   c. Under Bodily Injury Liability and/or Property Damage Liability Coverage Combined, to all damages because of:

      (1) "Bodily injury";

      (2) "Property damage"; or

      (3) "Bodily injury" and "property damage" combined

   as the result of any one "occurrence", regardless of the number of persons or organizations who sustain damages because of that "occurrence".

C. The terms of this insurance, including those with respect to:

   1. Our right and duty to defend the insured against any "suits" seeking those damages; and

   2. Your duties in the event of an "occurrence", claim, or "suit"

   apply irrespective of the application of the deductible amount.

D. We may pay any part or all of the deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount has been paid by us.

          Copyright, Insurance Services Office, Inc., 1994          CG 03 00 01 96    □

06/05/2007 02:25 PM
04/20/2004 07:48 AM

POLICY NUMBER: 72LPN2387

COMMERCIAL GENERAL LIABILITY
CG 20 09 03 97

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION (FOR USE WHEN CONTRACTUAL LIABILITY COVERAGE IS NOT PROVIDED TO YOU IN THIS POLICY)

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| Name Of Person Or Organization (Additional Insured): | | Location Of Covered Operations | |
|---|---|---|---|
| As required by contract and authorized by Company or appointed General Agent. | | Only insured locations at which Named Insured performs work or operations under contract to the Additional Insured. | |
| Bodily Injury And Property Damage Liability | Premium Basis Cost | Rates (Per $1000 Of Cost) | Advance Premium |
| Subject to applicable policy aggregate and per occurrence limit of insurance. | Not Applicable | Not Applicable | $ Non-refundable fee per Our schedule. |
| | | Total Advance Premium | $ Per Our schedule. |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

A. Who Is An Insured (Section II) is amended to include as an insured the person or organization (called "additional insured") shown in the Schedule but only with respect to liability arising out of:

1. Your ongoing operations performed for the additional insured(s) at the location designated above; or

2. Acts or omissions of the additional insured(s) in connection with their general supervision of such operations.

B. With respect to the insurance afforded these additional insureds, the following additional provisions apply:

1. Exclusions b., c., g., h.(1), j., k., l. and n. under Coverage A – Bodily Injury And Property Damage Liability (Section I – Coverages) do not apply.

2. Additional Exclusions

This insurance does not apply to:

a. "Bodily injury" or "property damage" for which the additional insured(s) are obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the additional insured(s) would have in the absence of the contract or agreement.

b. "Bodily injury" or "property damage" occurring after:

(1) All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed; or

CG 20 09 03 97

Copyright, Insurance Services Office, Inc., 1996

Page 1 of 2   □

General Agent/Company Copy - 1.0.13 05/09/2003 EJK

06/05/2007 02:25 PM

04/20/2004 07:48 AM

(2) That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

c. "Bodily injury" or "property damage" arising out of any act or omission of the additional insured(s) or any of their "employees", other than the general supervision by the additional insured(s) of your ongoing operations performed for the additional insured(s).

d. "Property damage" to:

(1) Property owned, used or occupied by or rented to the additional insured(s);

(2) Property in the care, custody, or control of the additional insured(s) or over which the additional insured(s) are for any purpose exercising physical control; or

(3) Any work, including materials, parts or equipment furnished in connection with such work, which is performed for the additional insured(s) by you.

    Copyright, Insurance Services Office, Inc., 1996    CG 20 09 03 97    □

08/05/2007 02:25 PM

COMMERCIAL GENERAL LIABILITY.
CG 21 39 10 93

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# CONTRACTUAL LIABILITY LIMITATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contract" in the DEFINI-
TIONS Section is replaced by the following:

"Insured contract" means:

a. A contract for a lease of premises. However, that
portion of the contract for a lease of premises that
indemnifies any person or organization for damage
by fire to premises while rented to you or tempo-
rarily occupied by you with permission of the owner
is not an "insured contract";

b. A sidetrack agreement;

c. Any easement or license agreement, except in
connection with construction or demolition opera-
tions on or within 50 feet of a railroad;

d. An obligation, as required by ordinance, to indem-
nify a municipality, except in connection with work
for a municipality;

e. An elevator maintenance agreement.

CG 21 39 10 93    Copyright, Insurance Services Office, Inc., 1992    Page 1 of 1    □

06/05/2007 02:25 PM

POLICY NUMBER:                                      COMMERCIAL GENERAL LIABILITY
                                                    CG 21 43 01 96

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION - EXPLOSION, COLLAPSE AND UNDERGROUND PROPERTY DAMAGE HAZARD (SPECIFIED OPERATIONS EXCEPTED)

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

## SCHEDULE

| Location & Description Operations | Covered Hazard(s) |
|---|---|
|  |  |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

A. The following exclusion is added to paragraph 2., Exclusions in Section I - Coverages:

This insurance does not apply to "property damage" arising out of the "explosion hazard", the "collapse hazard" or the "underground property damage hazard".

This exclusion does not apply to:

a. Operations performed for you by others;

b. "Property damage" included within the "products-completed operations hazard"; or

c. Any operation described in the Schedule above, if any of these hazards is entered as a covered hazard.

B. The following definitions are added to the DEFINI-TIONS Section:

1. "Collapse hazard" includes "structural property damage" and any resulting "property damage" to any other property at any time.

2. "Explosion hazard" includes "property damage" arising out of blasting or explosion. The "explosion hazard" does not include "property damage" arising out of the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment.

3. "Structural property damage" means the collapse of or structural injury to any building or structure due to:

a. Grading of land, excavating, borrowing, filling, back-filling, tunneling, pile driving, cofferdam work or caisson work; or

b. Moving, shoring, underpinning, raising or demolition of any building or structure or removal or rebuilding of any structural support of that building or structure.

4. "Underground property damage hazard" includes "underground property damage" and any resulting "property damage" to any other property at any time.

5. "Underground property damage" means "property damage" to wires, conduits, pipes, mains, sewers, tanks, tunnels, any similar property, and any apparatus used with them beneath the surface of the ground or water, caused by and occurring during the use of mechanical equipment for the purpose of grading land, paving, excavating, drilling, borrowing, filling, back-filling or pile driving.

CG 21 43 01 96          Copyright, Insurance Services Office, Inc., 1994          Page 1 of 1     □

06/05/2007 02:25 PM

COMMERCIAL GENERAL LIABILITY
CG 21 47 07 98

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EMPLOYMENT-RELATED PRACTICES EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:

This insurance does not apply to:

"Bodily injury" to:

(1) A person arising out of any:

    (a) Refusal to employ that person;

    (b) Termination of that person's employment; or

    (c) Employment-related practice, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

(2) The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b), or (c) above is directed.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

B. The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:

This insurance does not apply to:

"Personal and advertising injury" to:

(1) A person arising out of any:

    (a) Refusal to employ that person;

    (b) Termination of that person's employment; or

    (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

(2) The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b), or (c) above is directed.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

CG 21 47 07 98    Copyright, Insurance Services Office, Inc., 1997

06/05/2007 02:25 PM

COMMERCIAL GENERAL LIABILITY
CG 22 34 07 98

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION - CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I - Coverage B - Personal And Advertising Injury Liability:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or

2. Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.

This exclusion does not apply to "bodily injury" or "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

CG 22 34 07 98          Copyright, Insurance Services Office, Inc., 1997          Page 1 of 1          □

06/05/2007 02:25 PM

COMMERCIAL GENERAL LIABILITY
CG 22 79 07 98

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION - CONTRACTORS - PROFESSIONAL LIABILITY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I - Coverage B - Personal And Advertising Injury Liability:

1. This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

   a. Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

   b. Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

2. Subject to Paragraph 3. below, professional services include:

   a. Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

   b. Supervisory or inspection activities performed as part of any related architectural or engineering activities.

3. Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

CG 22 79 07 98            Copyright, Insurance Services Office, Inc., 1997            Page 1 of 1    □

FM-2994a (5/89)

## NATIONAL FIRE & MARINE INSURANCE COMPANY

### NOTICE OF SERVICE OF SUIT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

In the event you feel that we have failed to pay a claim according to the terms of the policy, you may start suit against us. We will obey the order of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give the Court jurisdiction, and all such matters shall be determined according to the law and practice of the court.

In any suit brought against us concerning your policy, we will abide by the final decision of the Court, including any Appellate Court in the event of an appeal.

Service of Suit may be made upon Donald F. Wurster, President, National Fire & Marine Insurance Company, 3024 Harney Street, Omaha, Nebraska, 68131. He is authorized and directed to accept Service of Suit on our behalf and/or provide written notice that we will appear in Court if suit is instituted.

If required by your state statutes, we hereby designate the Commissioner of Insurance, or any other officer specified by the statute, or his successors in office, as our true and lawful attorney for Service of Suit instituted by you, or on your behalf, or on behalf of your beneficiary, in regard to your policy, and designate that such process should be mailed to Donald F. Wurster, President, at the Company Home Office address.

All other terms, conditions and agreements of the policy shall remain unchanged.

| NATIONAL FIRE & MARINE INSURANCE COMPANY | Policy Number |
|---|---|
| Named Insured | Endorsement Effective |
|  | Countersigned by |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

FM-2994a (5/89)

08/05/2007 02:25 PM

04/20/2004 07:48 AM

## COMMERCIAL GENERAL LIABILITY SCHEDULE

POLICY NO. 72 LPN 23 87 92

### SCHEDULE OF HAZARDS

| CLASSIFICATION DESCRIPTION | CLASS CODE | PREMIUM BASIS* | FOR COMPANY USE ONLY | RATES | | ADVANCE PREMIUM | |
|---|---|---|---|---|---|---|---|
| | | | | PREMISES/ OPERATIONS | PRODUCTS | PREMISES/ OPERATIONS | PRODUCTS |
| **Contractors - executive supervisors or executive superintendents - CA | 91580 | (p)67,700 | | 549.669 | INCLUDED | 36,936 | INCLUDED |
| Painting - exterior - buildings or structures - three stories or less in height - NOC - CA | 98304 | (p)420,000 | | 122.43 | 122.950 | 51,420 | 51,643 |
| Tile, Stone, Marble, Mosaic or Terrazzo Work - interior construction - CA | 99746 | (p)180,000 | | 62.048 | 147.55 | 11,169 | 26,559 |
| Additional Insured - Owners, Lessees, or Contractors - CA | 49950 | Flat | | | | 4,443 | |
| | | | | | Total Advance Premium | 103,970 | 78,201 |

**Included Products - Completed Operations are subject to the General Aggregate Limit.

Policy subject to a fully earned policywriting minimum premium of $63,760 if cancelled by the insured.

*Premium Basis:  (a)  Area (per 1,000 square feet)    (p)  Payroll (per $1,000 of payroll)
             (c)  Total Cost (per $1,000 of Total Cost)    (s)  Gross Sales (per $1,000 of Gross Sales)
             (m)  Admissions (per 1,000 admissions)    (u)  Units (per each)

M-3775a (11/87)                Page:1                 General Agent/Company Copy - 1.0.11 05/05/2003 KJK

03/05/2007 02:25 PM

M-3792b (12/2002)

## AMENDATORY ENDORSEMENT
## EXCLUSION OF PROPERTY DAMAGE
### (to property in the care, custody or control of the insured)

It is agreed that SECTION I– COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, j. (4) and j (5) are amended to read as follows:

This insurance does not apply to:

    j.   Damage To Property

       "Property damage" to:

        (4)   Personal property in your care, custody or control or the care, custody or control of your "employees", "volunteer workers" or agents;

        (5)   That particular part of real property on which you or your "employees", "volunteer workers" or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
| | Endorsement Effective |
| Named Insured | Countersigned at |
| | by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-3792b (12/2002)

08/05/2007 02:25 PM

M-3795 (3/87)

## PUNITIVE DAMAGE EXCLUSION
## DUTY TO DEFEND AMENDMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies the insurance provided under all coverage forms and is effective on the inception date of the policy or, on the date shown below.

The insuring agreement is amended to provide that this insurance does not apply to any sums awarded as punitive damages.

The Company has the right and duty to defend any suit asking for damages covered by this policy. However, the Company has no duty to defend suits for bodily injury or property damage not covered by this policy. The Company has the right to defend any suit against the insured which seeks both punitive damages and damages covered in the insuring agreement. However, the Company has no duty to defend any suit seeking only punitive damages or where the remaining allegations of a complaint seek only punitive damages, and the Company shall have the right to settle that part or parts of a suit seeking damages other than punitive.

In the event of a conflict of interest between the insured and the Company due to allegations of punitive damage or due to other allegations not covered by the insuring agreement, the Company shall not be obligated to retain separate counsel to represent the interests of the insured with respect to defense of non-covered allegations, but the insured shall have the right to retain separate counsel at the insured's expense to serve as co-counsel. The Company shall not be required to relinquish control of the defense to such co-counsel so long as covered allegations remain in the suit.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
| | Endorsement Effective |
| Named Insured | Countersigned by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-3795 (3/87)

08/05/2007 02:25 PM

M-4084 (3/90)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

### EXCLUSION - LEAD PAINT

This insurance does not apply to any liability for bodily injury, property damage, personal injury, sickness, disease, disability or shock including death at any time resulting from the actual or alleged exposure to any lead paint or caused or aggravated by the actual or alleged existence of lead paint in any building or product.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
|  | Endorsement Effective |
| Named Insured | Countersigned at |
|  | by |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-4084 (3/90)

08/05/2007 02:25 PM

M-4358b (4/2002)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TOTAL POLLUTION EXCLUSION ENDORSEMENT

This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

The following sections of CG 00 01 (7/98) are deleted:

- SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, f. Pollution.;
- SECTION I - COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions, a. (10) and b.; and
- SECTION V - DEFINITIONS, 15.

and the following sections of CG 00 01 (10/01) are deleted:

- SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, f. Pollution.;
- SECTION I - COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions, m. and n.; and
- SECTION V - DEFINITIONS, 15.

Those sections are replaced by the following:

This insurance does not apply to:

(1) "Bodily Injury", "Property Damage", or "Personal and advertising injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "Pollutants" at any time; or

(2) "Bodily Injury", "Property Damage", or "Personal and advertising injury" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "Pollutants" at any time; or

(3) any damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or attorneys' fees) arising out of any request, demand or order that you or any insured or indemnitee, the Company or any other person or organization test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "Pollutants"; or

(4) any damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or attorneys' fees) incurred by or on behalf of any governmental authority or any other person or organization to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "Pollutants"; or

(5) to any obligation or liability incurred by, or imposed upon, any insured or indemnitee, whether under an "insured contract" or otherwise, to investigate, defend, or settle, or pay any indemnification or contribution in connection with, any claim or "Suit" against any governmental authority or any other person or organization arising out of, or which would not have occurred but for, the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "Pollutants"; or

(6) to any claim or "Suit" against any insured or indemnitee arising out of any federal, state or local law or regulation intended either to provide for the testing for, or the monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing of, "Pollutants" or to allocate the damages, loss, cost or expense of any such actions.

08/05/2007 02:25 PM

This exclusion applies:

(1) to all coverages provided under this policy, including but not limited to the commercial general liability coverage, products-completed operations hazard liability coverage and any coverages which may be endorsed to this policy after the date of this endorsement; and

(2) regardless of whether any insured or any other person or organization intended to, threatened to or actually did discharge, disperse or release, or allow the seepage, migration or escape of, "Pollutants"; and

(3) even if such "Pollutants" have a function in or are integral to your business, operations, premises, site, or location.

"Pollutants" means any solid, liquid, gaseous, thermal or sonic irritant or contaminant or toxic substance, including but not limited to smoke, vapor, soot, fumes, acids, alkalis, chemicals, petroleum products, heat, cold, noise or "Waste Material". "Waste Material" includes but is not limited to any materials or substances which are intended to be or have been recycled, reconditioned or reclaimed. The term "Pollutants" in this Endorsement is broadened to include, but is not limited to, irritants, contaminants or toxic substances which are "Your Product" or which arise out of or are used in connection with "Your Product" or "Your Work", your premises, site or location, or your operations.

All other terms and conditions of this policy remain unchanged.

| Company Name | Policy Number |
|---|---|
| | Endorsement Effective |
| Named Insured | Countersigned by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-4359b (4/2002)                                                      Page 2 of 2

06/05/2007 02:25 PM

M-4885 (9/95)

# OTHER INSURANCE ENDORSEMENT

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

SECTION IV - Commercial General Liability Conditions - 4. Other Insurance is replaced with the following:

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

> This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, or on any other basis; unless the other insurance is issued to the Named Insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

> When this insurance is excess, we will have no duty under Coverage A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but the insured's rights against all those other insurers who have a duty to defend the insured are transferred to us. The insured must do nothing to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

> When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

> (1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

> (2) The total of all deductible and self-insured amounts under all that other insurance.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| | Endorsement Effective |
| Named Insured | Countersigned by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-4885 (9/95)

08/05/2007 02:25 PM

## FUNGUS EXCLUSION

In consideration of the premium charged, it is understood and agreed that this policy does not apply to any:

1) "Bodily injury", "property damage" or "personal and advertising injury" arising out of, resulting from, caused or contributed to, directly or indirectly by:

    a) Any "fungus" or "spore";

    b) Any substance, vapor or gas produced by or arising out of any "fungus" or "spore". This includes, but is not limited to, any metabolite such as mycotoxin or a volatile organic compound; or

    c) Any material, product, building component, building or structure that contains, harbors, nurtures or acts as a medium for any "fungus" or "spore" to the extent that it results in, causes or contributes concurrently or in any sequence to such injury or damage described in a) or b) above;

2) Costs of testing for, monitoring, abatement, mitigation, removal, remediation or disposal of any of the items described in 1) above;

3) Other cause or event to the extent that it contributed concurrently or in any sequence to such injury, damage or costs described in items 1) or 2) above;

4) Supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with items 1), 2) or 3) above; and

5) Obligation to share damages with or repay someone else who must pay damages because of such injury or damage.

This exclusion does not apply to "bodily injury" as the result of the ingestion of goods intended for human consumption.

For the purpose of this endorsement, the following definitions are added:

    "Fungus" includes, but is not limited to, any form or type of mold, mushroom or mildew.

    "Spore" means any reproductive body produced by or arising out of any "fungus".

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
| --- | --- |
|  | Endorsement Effective |
| Named Insured | Countersigned at |
|  | by |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5058a (10/2001)

06/05/2007 02:25 PM

# SUBSIDENCE EXCLUSION

In consideration of the premium charged, it is understood and agreed that this policy does not apply to any "bodily injury", "property damage" or "personal and advertising injury" arising out of, resulting from, caused, aggravated or contributed to, directly or indirectly by the subsidence, settling, sinking, slipping, falling away, caving in, shifting, eroding, mud flow, rising, tilting, or any other movement of land or earth.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
| | Endorsement Effective |
| Named Insured | Countersigned at |
| | by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5059a (10/2001)

00/05/2007 02:25 PM

M-6073 (12/2001)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - WAR & TERRORISM

Notwithstanding any other provision of this Policy, this insurance does not apply to any damages because of "bodily injury", "property damage", "personal and advertising injury" or any other loss or damage directly or indirectly arising out of, caused by, or resulting from "war" or any "act of terrorism or counter-terrorism" or any threat or hoax of an "act of terrorism or counter-terrorism". Such "bodily injury", "property damage", "personal and advertising injury" or other loss or damage is excluded regardless of (i) whether any other cause or event contributed to such "bodily injury", "property damage", "personal and advertising injury" or other loss or damage in any way or at any time, or (ii) whether such "bodily injury", "property damage", "personal and advertising injury" or other loss or damage is accidental or intentional.

"War" includes undeclared or civil war, or any act or condition incident to war; warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or insurrection, rebellion, revolution, or usurped power, or action taken by governmental authority in hindering or defending against any of these. "War" includes any act that would be included as an "act of terrorism or counter-terrorism" but for the fact that such act was perpetrated by an official, employee or agent of a government, sovereign or other authority acting for or on behalf of such government, sovereign or other authority.

"Act of terrorism or counter-terrorism" includes any of the following:

1) any act, violent or nonviolent, or the threat of any act, or the preparation for any act that is intended to, or appears to be intended to:

   (a) Intimidate, frighten or coerce a civilian population; or
   (b) Disrupt any segment of an economy; or
   (c) Disrupt any public service; or
   (d) Influence the policy or affect the conduct of a government by force, violence, intimidation, coercion, destruction, assassination, kidnapping, disease, trespass or hostage-taking; or
   (e) Advance a political, religious or ideological cause through force, violence, intimidation, coercion, destruction, assassination, kidnapping, disease, trespass or hostage-taking; or
   (f) Retaliate against a government or governmental policy; or

2) sabotage, use or threatened use of bombs, incendiary devices, explosives, knives, guns or weapons of any type; or

3) nuclear detonation, reaction, radiation or radioactive contamination; or

4) hijacking or commandeering of any airplane, vehicle or other mode of transportation or otherwise seizing or interfering with public transport; or

5) homicide, kidnapping, hostage-taking or extortion; or

6) intentional release of or exposure to biological, chemical or germ agents or disease, or intentional contamination or infection of any food source or supply, water source or supply, air supply or atmosphere; or

7) computer trespass, interference with computer networks or systems, or tampering with or interfering with a mail or data or voice communication system; or

8) damaging, interfering with, interrupting, or destroying any energy source or supply, or any conduit of any energy source or supply; or

9) any act authorized by a governmental authority for the purpose of preventing, terminating, countering or responding to any action listed in items (1) through (8), or for the purpose of preventing or minimizing the consequences of such action; or

10) any act that would be included as "War" but for the fact that such act was perpetrated by someone other than an official, employee or agent of a government, sovereign or other authority acting for or on behalf of such government, sovereign or other authority.

In any proceeding seeking coverage under this Policy, the person seeking coverage shall have the burden of proving that the claim or "suit" is not excluded under this Endorsement.

All other terms, conditions and agreements of the policy remain unchanged.

| Company Name | Policy Number |
|---|---|
|  | Endorsement Effective |
| Named Insured | Countersigned at |
|  | by |

(Authorized Representative)

[The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.]

M-6073 (12/2001)

05/05/2007 02:25 PM

M-5075 (12/2001)

Please read this endorsement carefully.
This endorsement limits the coverage provided by this policy.

## EXCLUSION - ASBESTOS

It is agreed that this policy does not apply to:

1) "bodily injury", "property damage", "potential bodily injury" or "personal and advertising injury" arising in whole or in part, directly or indirectly, out of asbestos in any form, including:

   a) Inhaling, ingesting or physical exposure to asbestos or goods, products or structures containing asbestos; or
   b) The use of asbestos in constructing, manufacturing or installing any good, product, or structure, or any component part of any good, product or structure; or
   c) The removal of asbestos from any good, product, or structure; or
   d) The manufacture, sale, transportation, storage or disposal of asbestos or goods, products or structures containing asbestos; or

2) any claim or suit arising out of or related to any asbestos-related disease, including asbestosis, mesothelioma, emphysema, pneumoconiosis, pulmonary fibrosis, pleuritis, endothelioma, or any lung disease or any other ailment caused by, contributed to or aggravated by inhalation, consumption, exposure to or absorption of asbestos in any form.

For the purposes of this endorsement only, "potential bodily injury" means any alleged emotional or mental distress, risk of future disease, fear of contracting any disease, and costs of medical monitoring for any disease arising from or related to exposure to asbestos.

It is further agreed that we shall not have any duty to defend any "suit" against any insured alleging any actual or threatened injury or damage which arises out of or would not have occurred but for asbestos.

This exclusion applies regardless of whether any other cause or event contributed or is alleged to have contributed to any alleged "bodily injury", "potential bodily injury", "property damage" or "personal injury and advertising injury" in any way or at any time.

06/05/2007 02:25 PM

M-5076 (12/2001)

**Please read this endorsement carefully. This endorsement limits the coverage provided by this policy.**

## EXCLUSION OF DAMAGES COMMENCING PRIOR
## TO POLICY PERIOD
## BROAD FORM EXCLUSION

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

This insurance does not apply to any "property damage" or "bodily injury" caused by an "occurrence", if any such "property damage" or any such "bodily injury" "commences" in whole or in part prior to the first day of the policy period of this Policy. This exclusion applies even if the "property damage" or "bodily injury" continues, is alleged to continue, or is deemed to continue during the policy period of this Policy.

All exposure to a certain condition or related conditions and all damages involving or arising out of the same product, category of products, completed operation, job site, act or event, regardless of the frequency or repetition of those conditions or damages or the number of claimants shall be considered a single "occurrence".

For the purposes of this Endorsement only, "commences" shall mean: (i) first occurs, is alleged to first occur or is deemed to first occur; or (ii) incepts, is alleged to incept or is deemed to incept; or (iii) first manifests, is alleged to have first manifested, or is deemed to have first manifested. "Commences" is the earliest point in time of (i), (ii) or (iii).

This insurance does not apply to any "personal and advertising injury" caused by an offense, if that offense was first committed or alleged to have been committed prior to the first day of the policy period of this Policy. This exclusion applies even if the offense resulting or alleged to have resulted in "personal and advertising injury" continues, is alleged to continue, or is deemed to continue during the policy period of this policy.

Repeated instances of the same or similar conduct or acts, regardless of the frequency or repetition thereof, shall be considered a single offense.

This insurance does not apply to a claim or "suit" unless an insured has notified us of that claim or "suit". Notification of a claim or "suit" by a person who is not an insured shall not be considered notification for the purposes of this Policy.

If any insured requests an insurance company, including us, to defend, pay or indemnify any amount or otherwise respond to any claim or "suit" under any insurance policy incepting prior to the first day of the policy period of this Policy, this Policy shall not apply to damages sought in that claim or "suit". The previous sentence does not apply to the request for defense, payment or indemnification of any claim or "suit" to any insurance carrier with regard to a policy which is specifically written to be excess of this Policy.

M-5076 (12/2001)

08/05/2007 02:25 PM

M-5077 (12/2001)

**Please read this endorsement carefully.  This endorsement limits the coverage provided by this policy.**

ELECTION OF INSURANCE CARRIER FOR DEFENSE
LIMITED DUTY TO DEFEND
BROAD FORM LIMITATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

If any insured believes that more than one insurance company may have the duty to defend a "suit" for which coverage is provided under this Policy, that insured must elect in writing either to request us to defend the insured or to request one or more other insurance companies to defend the insured with regard to that "suit".

We have the option, but not the duty, to defend any "suit". If any insured has requested another insurance company or companies to defend the "suit" in whole or in part, regardless of whether such request has been accepted or accepted under a reservation of rights. We may request the insured to warrant that it has not requested and will not request another insurance company to defend the "suit" in whole or in part as a condition precedent to our defending the "suit".

If we are providing a defense for any insured to any "suit", including a defense under reservation of rights, and that insured or any other insured requests the defense of such "suit" in whole or in part by any other insurance carrier, regardless of whether such insurance carrier agrees to provide a defense or agrees to provide a defense under reservation of rights, then our duty to defend ends and we shall have the right, but not the obligation, to withdraw from any further participation in the defense of that "suit".

We shall not have the duty to defend any indemnitee of any insured if we do not have a duty to defend the insured asking us to defend the indemnitee.

With respect to SUPPLEMENTARY PAYMENTS - COVERAGES A AND B, we shall not pay any attorney's fees, other legal expenses or costs incurred by any insured or indemnitee in connection with a "suit" if we have no duty to defend that insured or indemnitee in that "suit". We shall not pay any pre-judgment interest or post-judgment interest with respect to any "suit" if we do not have a duty to defend that "suit".

M-5077 (12/2001)

08/05/2007 02:26 PM

04/20/2004 07:48 AM

## COMMERCIAL GENERAL LIABILITY LOCATIONS

POLICY NO. 72LPN238792

SCHEDULE OF LOCATIONS

| LOCATION DESCRIPTION | STREET ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| Location # 1 | 68-733 Perez Road #C-15 | Cathedral City | CA | 92234 |
| Location # 2 | 5555 Santa Fe Street, Ste L | San Diego | CA | 92109 |
| Location # 3 | 9434 Kearny Mesa Road, #B48 | San Diego | CA | 92126 |

M-5080 (2/2002)                General Agent/Company Copy - 1.0.13 05/09/2003 WJK

09/06/2007 02:25 PM

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## INDEPENDENT CONTRACTORS AND SUB-CONTRACTORS
## COVERAGE REQUIREMENT - EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

This insurance does not apply to "bodily injury," "property damage," or "personal or advertising injury" arising out of operations performed for you by independent contractors or sub-contractors unless:

(1)   Such independent contractors or sub-contractors agree in writing to defend, indemnify, and hold harmless you and your affiliates, subsidiaries, directors, officers, employees, agents, and their representatives from and against all claims, damages, losses, and expenses attributable to, resulting from, or arising out of the independent contractor's or sub-contractor's operations performed for you, caused in whole or in part by any act or omission of the independent contractor or sub-contractor or any one directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by you; and

(2)   Such independent contractors or sub-contractors carry insurance with coverage and limits of liability equal to or greater than those carried by you, including commercial general liability, workers' compensation and employers' liability insurance; and

(3)   Such commercial general liability insurance provides coverage for the independent contractors' or sub-contractors' indemnity obligations set forth in paragraph (1) above; and

(4)   Such commercial general liability insurance names you as an additional insured with coverage consistent with the coverage provided in the ISO CG 2009 endorsement.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| | Endorsement Effective |
| Named Insured | Countersigned at |
| | by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5095 (8/2002)

08/05/2007 02:25 PM

M-5097 (8/2002)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION – EXTERIOR INSULATION AND FINISH SYSTEMS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the following, whether performed by you or by any person who is alleged to be your agent, employee or indemnitee or subcontractor:

1. The design, manufacture, construction, fabrication, preparation, installation, application, maintenance, use, sale, service, or repair, including remolding, correction, replacement or service, of any exterior insulation and finish system (commonly referred to as synthetic stucco or EIFS) or any direct-applied exterior finish system (commonly referred to as DEFS) or any part or portion thereof, or any substantially similar system or any part or portion thereof, including the application or use of conditioners, primers, accessories, flashings, coating, caulkings, or sealants in connection with such a system; or

2. Any design, manufacture, construction, fabrication, preparation, installation, application, maintenance, use, sale, service, or repair, including remolding, correction, replacement or service, of any exterior component, fixture or feature on any structure if any exterior insulation and finish system, direct-applied exterior finish system or substantially similar system is used on any part of that structure.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| | Endorsement Effective |
| Named Insured | Countersigned at |
| | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5097 (8/2002)

08/05/2007 02:25 PM

M-5107 (8/2002)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## PRIOR WORK EXCLUSION - INCEPTION

In consideration of the premium charged, it is understood and agreed that this policy does not apply to any "bodily injury", "property damage" or "personal and advertising injury" arising out of, resulting from, caused or contributed to, directly or indirectly by any work by or on behalf of any "insured" or any "insured's" subcontractor(s), performed prior to the date this policy incepts.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
| --- | --- |
|  | Endorsement Effective |
| Named Insured | Countersigned at |
|  | By |
|  | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5107 (8/2002)

May 01 2003 12:56PM  Wanke, Industrial, Commer  700-328-8820          P.2

ADDENDUM TO APPLICATION

POLICYHOLDER DISCLOSURE NOTICE OF TERRORISM
INSURANCE COVERAGE

National Fire & Marine Insurance Company ("Insurer") hereby notifies you that under the Terrorism Risk Insurance Act of 2002 (the "Act"), effective November 26, 2002, you now have a right to purchase insurance coverage for losses arising out of certified acts of terrorism as defined in the Act. The term "act of terrorism" means any act that is certified by the Secretary of the Treasury to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property, or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of an air carrier or vessel or the premises of a United States mission; and to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

YOU SHOULD KNOW THAT IF YOU ELECT TO PURCHASE COVERAGE FOR LOSSES CAUSED BY AN ACT OF TERRORISM, LOSSES PAID UNDER THAT COVERAGE WILL BE PARTIALLY REIMBURSED BY THE UNITED STATES UNDER A FORMULA ESTABLISHED BY FEDERAL LAW. UNDER THIS FORMULA, THE UNITED STATES PAYS 90% OF COVERED TERRORISM LOSSES EXCEEDING THE STATUTORILY ESTABLISHED DEDUCTIBLE PAID BY THE INSURANCE COMPANY PROVIDING THE COVERAGE. THE ADDITIONAL PREMIUM CHARGED FOR THIS COVERAGE IS STATED BELOW AND DOES NOT INCLUDE ANY CHARGE FOR THE PORTION OF LOSS COVERED BY THE FEDERAL GOVERNMENT UNDER THE ACT.

SELECTION OR REJECTION OF TERRORISM INSURANCE COVERAGE
UNDER FEDERAL LAW, IF THE POLICY YOU HAVE APPLIED FOR IS APPROVED YOU HAVE THE RIGHT TO ACCEPT OR REJECT COVERAGE FOR AN ACT OF TERRORISM, SUBJECT TO THE POLICY'S OTHER TERMS, CONDITIONS, EXCLUSIONS, AND LIMITS. THE PREMIUM FOR THIS COVERAGE WILL BE IN ADDITION TO THE INSURER'S PREMIUM CHARGES IF THE INSURER'S TERRORISM EXCLUSION WERE INCLUDED.

| | Please Select One of the Options Below: |
|---|---|
| ☐ | I hereby elect to purchase coverage for an act of terrorism for an additional annual premium of $ 2,105. I understand that if my application for coverage is approved, my policy will be issued without the insurance company's standard terrorism exclusion, but such coverage would be subject to all of the other Policy terms, conditions, exclusions and limits (including an exclusion for acts of terrorism not certified by the Secretary of Treasury). |
| ☒ | I hereby elect to reject coverage for an act of terrorism. I understand that I will have no coverage for losses arising from an act of terrorism and agree that the Insurer's standard Terrorism Exclusion will be a part of my Policy if my application for insurance is approved. |

*Wanke, Industrial, Commercial Residential, Inc.*
Applicant's Signature *By Fred L Wanke*

*Wanke Industrial, Commercial Residential, Inc., By Fred Wanke*
Print Name of Applicant and Date

*Fred Wanke, President*
Print Corporate Title if Policy Applicant
is a Corporation

M-5122 (12/2002)                                          TRIA Notice GL #2

08/05/2007 02:24 PM

POLICY NUMBER: 72LPN238792

COMMERCIAL GENERAL LIABILITY
CG 20 11 01 96

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# ADDITIONAL INSURED – MANAGERS OR LESSORS OF PREMISES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

1. Designation of Premises (Part Leased to You): 400 S. Farrel Drive, Ste. B106, Palm Springs, CA 92262

2. Name of Person or Organization (Additional Insured): AP Farrell Ramon, LLC

3. Additional Premium: Included

(If no entry appears above, the information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:

1. Any "occurrence" which takes place after you cease to be a tenant in that premises.

2. Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule.

CG 20 11 01 96          Copyright, Insurance Services Office, Inc., 1994          Page 1 of 1    □

06/05/2007 02:24 PM

POLICY NUMBER: 72LPN238792

COMMERCIAL GENERAL LIABILITY
CG 20 11 01 96

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# ADDITIONAL INSURED – MANAGERS OR LESSORS OF PREMISES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

## SCHEDULE

1. Designation of Premises (Part Leased to You): 400 S. Farrel Drive, Ste. B106, Palm Springs, CA 92262

2. Name of Person or Organization (Additional Insured): The Abbey Management Co, LLC, a Delaware LLC

3. Additional Premium: Included

(If no entry appears above, the information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:

1. Any "occurrence" which takes place after you cease to be a tenant in that premises.

2. Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule.

CG 20 11 01 96          Copyright, Insurance Services Office, Inc., 1994          Page 1 of 1

08/05/2007 02:24 PM

POLICY NUMBER: 72LPN238792

COMMERCIAL GENERAL LIABILITY
CG 20 11 01 96

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# ADDITIONAL INSURED – MANAGERS OR LESSORS OF PREMISES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

1. Designation of Premises (Part Leased to You): 400 S. Farrel Drive, Ste. B106, Palm Springs, CA 92262.

2. Name of Person or Organization (Additional Insured): Abbey Properties, LLC, a California Corporation

3. Additional Premium: Included

(If no entry appears above, the information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:

1. Any "occurrence" which takes place after you cease to be a tenant in that premises.

2. Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule.

CG 20 11 01 96          Copyright, Insurance Services Office, Inc., 1994          Page 1 of 1     □

08/05/2007 02:24 PM

POLICY NUMBER:72LPN238792

COMMERCIAL GENERAL LIABILITY
CG 20 09 03 97

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION (FOR USE WHEN CONTRACTUAL LIABILITY COVERAGE IS NOT PROVIDED TO YOU IN THIS POLICY)

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

## SCHEDULE

| Name Of Person Or Organization (Additional Insured): Randy D Peck Karla A Peck and Randy Daniel Peck and Karla Ann Peck, as Trustees, Under the Randy D Peck and Karla A Peck revocable living trust, and any amendments there to, dated Feb 7,1996 | | Location Of Covered Operations. Only insured locations at which named insured performs work or operations under contract to the additional insured. | |
|---|---|---|---|
| Bodily Injury And Property Damage Liability | Premium Basis | Rates | Advance Premium |
| Subject to applicable policy aggregate & per occurrence limit of insurance. | Not applicable | Not applicable | Non-refundable Fee per our schedule |
| | | Total Advance Premium | $ Per our schedule |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

A. Who Is An Insured (Section II) is amended to include as an insured the person or organization (called "additional insured") shown in the Schedule but only with respect to liability arising out of:

1. Your ongoing operations performed for the additional insured(s) at the location designated above; or

2. Acts or omissions of the additional insured(s) in connection with their general supervision of such operations.

B. With respect to the insurance afforded these additional insureds, the following additional provisions apply:.

1. Exclusions b., c., g., h.(1), j., k., l. and n. under Coverage A - Bodily Injury And Property Damage Liability (Section I - Coverages) do not apply.

2. Additional Exclusions

This insurance does not apply to:

a. "Bodily injury" or "property damage" for which the additional insured(s) are obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the additional insured(s) would have in the absence of the contract or agreement.

b. "Bodily injury" or "property damage" occurring after:

(1) All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed; or

CG 20 09 03 97

Copyright, Insurance Services Office, Inc., 1996

Page 1 of 2

06/05/2007 02:24 PM

(2) That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

c. "Bodily injury" or "property damage" arising out of any act or omission of the additional insured(s) or any of their "employees", other than the general supervision by the additional insured(s) of your ongoing operations performed for the additional insured(s).

d. "Property damage" to:

(1) Property owned, used or occupied by or rented to the additional insured(s);

(2) Property in the care, custody, or control of the additional insured(s) or over which the additional insured(s) are for any purpose exercising physical control; or

(3) Any work, including materials, parts or equipment furnished in connection with such work, which is performed for the additional insured(s) by you.

Page 2 of 2          Copyright, Insurance Services Office, Inc., 1996          CG 20 09 03 97    □

06/05/2007 02:24 PM
04/20/2004 07:48 AM

M-2904 (11/80)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

The Schedule Of Hazards, Form M-3776a (11/87) is amended   to add/change the following classifications:

SCHEDULE OF HAZARDS

| CLASS CODE | CLASSIFICATION DESCRIPTION | PREMIUM BASIS | |
|---|---|---|---|
| | | OLD | NEW |
| 61226 | Buildings or Premises – office – NOC (For Profit) | | B    1380 |
| 49950 | Additional Insured -Owners, Lessees, or Contractors | flat | other |
| | | | |
| | | | |
| | | | |
| | | | |

3820 Valley Blvd. #C
Walnut, CA 91789

| CLASS CODE | RATES | | | | ADVANCE PREMIUM | | | | ADDITIONAL RETURN PREMIUM |
|---|---|---|---|---|---|---|---|---|---|
| | PREMISES/OPERATIONS | | PRODUCTS | | PREMISES/OPERATIONS | | PRODUCTS | | |
| | OLD | NEW | OLD | NEW | OLD | NEW | OLD | NEW | |
| 61226 | | 859.813 | | Included | | 1,186 | | Included | 269 |
| 49950 | | 0.025 | | | 4,443 | 4,472 | | | 7 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | TOTAL: | | 4,443 | 5,658 | | | 308 |

Pro-Rate Factor:    0.252

Additional Premium:    $308

Return Premium:

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number 72 LPN 23 87 62 |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | Endorsement Effective 01/28/2004 12:01 A.M. |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc. | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-2904 (11/80)                    Endorsement Number:    1

SMH    3/18/2004

LS 3/05    3/20

06/05/2007 02:24 PM

M-2804 (11/80)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

### POLICY PERIOD MINIMUM PREMIUM AND MINIMUM EARNED PREMIUM

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

Policy Period Minimum Premium

Policy Period Minimum Premium means the minimum premium earned at the end of the original Policy Period shown in the Declarations. This policy may be subject to final audit, but under no circumstances will the audited earned premium be less than the Policy Period Minimum Premium shown or less than the pro rata of the Policy Period Minimum Premium if the policy is cancelled prior to the end of the original Policy Period shown in the Declarations.

The Policy Period Minimum Premium for this policy is $329,003.

### Minimum Earned Premium Upon Cancellation

If the insured elects to cancel this Policy at any time, for any reason, or the Company elects to cancel this Policy because of the insured's failure to pay any premium when due, then the Company is entitled to the greatest of:

    1)    A Minimum Earned Premium of $127,946; or

    2)    The Total Advance Premium including endorsements, adjusted on a pro rata basis; or

    3)    The audited earned premium.

If the Company elects to cancel this Policy for any reason other than the insured's failure to pay any premium when due, then the Company is entitled to the greater of:

    1)    The Policy Period Minimum Premium, adjusted on a pro rata basis; or

    2)    The audited earned premium.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | Endorsement Effective |
| Named Insured | Countersigned at |
| | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-2804 (11/80)

08/05/2007 02:24 PM

M-5000 (8/2002)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LONG-TERM (MORE THAN ONE YEAR)
# POLICY AGGREGATE LIMIT ENDORSEMENT

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

The following paragraph in SECTION III – LIMITS OF INSURANCE is deleted in its entirety:

"The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance."

and is replaced by the following paragraph:

"The Limits of Insurance of this Coverage Part, including the single General Aggregate Limit and the single Products - Completed Operations Aggregate Limit, apply to the entire policy period shown in the Declarations."

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
|  | Endorsement Effective |
| Named Insured | Countersigned at |
|  | By _____ (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5098 (8/2002)

06/05/2007 02:24 PM

M-2904 (11/80)

## GENERAL CHANGE ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

The Policy Period as shown on the Declarations is hereby extended to expire on 09/01/2005 12:01 A.M.

M-5099 (08/02) Long-Term (More than one year) Policy Aggregate Limit Endorsement is hereby added and applies to this policy.

M-2904 (11/80) General Change - Policy Period Minimum Premium and Minimum Earned Premium Endorsement is hereby attached and applies to this policy.

The Schedule Of Hazards, Form M-3776a (11/87) is amended     to change the following classifications:

SCHEDULE OF HAZARDS

| CLASS CODE | CLASSIFICATION DESCRIPTION | PREMIUM BASIS | |
|---|---|---|---|
| | | OLD | NEW |
| 91590 | Contractors -- executive supervisors or executive | p 67200 | p 134400 |
| 98304 | Painting -- exterior -- buildings or structures -- three stories | p 420000 | p 1040000 |
| 98746 | Tile, Stone, Marble, Mosaic or Terrazzo Work -- interior | p 190000 | p 380000 |
| 91228 | Buildings or Premises -- office -- NOC (For Profit) | 1380 | p 2760 |
| 49950 | Additional Insured -Owners, Lessees, or Contractors | other | other |
| | | | |
| | | | |

| CLASS CODE | RATES | | | | ADVANCE PREMIUM | | | | ADDITIONAL RETURN PREMIUM |
|---|---|---|---|---|---|---|---|---|---|
| | PREMISES/OPERATIONS | | PRODUCTS | | PREMISES/OPERATIONS | | PRODUCTS | | |
| | OLD | NEW | OLD | NEW | OLD | NEW | OLD | NEW | |
| 91590 | 548.888 | 548.888 | Included | Included | 36,838 | 78,076 | Included | Included | 36,539 |
| 98304 | 122.43 | 122.43 | 122.956 | 122.956 | 51,420 | 102,846 | 51,842 | 103,284 | 97,729 |
| 98746 | 87.048 | 87.048 | 147.56 | 147.56 | 11,199 | 22,339 | 26,559 | 53,118 | 1,189 |
| 91228 | 859.613 | 859.613 | Instected | Included | 1,188 | 2,372 | Included | Included | 4,473 |
| 49950 | 0.025 | 0.025 | | | 4,472 | 8,945 | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | TOTAL: | | 105,196 | 210,571 | 78,201 | 156,402 | 183,387 |

Insured's Signature _____

Pro-Rate Factor:    1.000

Additional Premium:    $183,387

Return Premium: _____

At other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72 LFN 23 97 92 |
| | Endorsement Effective 09/01/2004 12:01 A.M. |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc. | By _____ |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-2904 (11/80)                    Endorsement Number:   2                    SLM    6/21/2004

06/05/2007 02:24 PM

M-2504 (11/00)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

The Policy Period as shown on the Declarations is hereby extended to expire on 05/01/2008 12:01 A.M.

M-5090 (09/02) Long-Term (More than one year) Policy Aggregate Limit Endorsement is hereby added and applies to this policy

M-2904 (11/80) General Change - Policy Period Minimum Premium and Minimum Earned Premium Endorsement is hereby attached and applies to this policy.

The Schedule Of Hazards, Form M-3778a (11/87), is changed    to change the following classifications:

### SCHEDULE OF HAZARDS

| HAZARD CODE | CLASSIFICATION DESCRIPTION | | PREMIUMS | |
| --- | --- | --- | --- | --- |
| | | | OLD | NEW |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | | RATES | | | | ADVANCE PREMIUM | | ADDITIONAL |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | NEW | OLD | | | OLD | NEW | PREMIUM |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| TOTAL | | | | | | | | |

Insured's Signature: _Fred Wanke_    California Surplus Only

| | | | |
| --- | --- | --- | --- |
| Pro-Rate Factor | 1.000 | Premium | $ 166,601.00 |
| | | State Tax | $ 5,601.11 |
| | | Stamping Fee .225 $ 412.67 | Additional Premium $153,357 |
| | | Total | $ 189,301.23 | Return Premium |

All other terms, conditions and agreements remain unchanged.

| | |
| --- | --- |
| Company Name | Policy Number |
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72 LFM 23 07 02 |
| | Endorsement Effective |
| | 04/10/2007 12:01 A.M. |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc. | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy)

M-2504 (11/80)    Endorsement Number: 2    SKH  8/21/2004

06/05/2007 02:24 PM
10/07/2005 09:46 AM

M-2904 (11/90)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGED THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

The Policy Period as shown on the Declarations is hereby extended to expire on 05/01/2005 12:01 A.M.

M-5099 (08/02) Long-Term (More than one year) Policy Aggregate Limit Endorsement is hereby added and applies to this policy.

M-2904 (11/90) General Change - Policy Period Minimum Premium and Minimum Earned Premium Endorsement is hereby attached and applies to this policy.

The Schedule Of Hazards, Form M-3770a (11/87) is amended    to change the following classifications:

SCHEDULE OF HAZARDS

| CLASS CODE | CLASSIFICATION DESCRIPTION | PREMIUM BASIS | |
|---|---|---|---|
| | | OLD | NEW |
| 91580 | Contractors – executive supervisors or executive | $ 47500 | $ 114400 |
| 94304 | Painting – interior – Distributor of Operators - Price | $ 425000 | $ 600000 |
| 99746 | Tile, Stone, Marble, Mosaic or Terrazzo Work – interior | $ 180000 | $ 380000 |
| 61228 | Buildings or Premises – office – NOC (For Profit) | 1550 | 2700 |
| 49950 | Additional Insured -Owners, Lessees, or Contactors | other | other |

| CLASS CODE | RATES | | | | ADVANCE PREMIUM | | | | ADDITIONAL RETURN PREMIUM |
|---|---|---|---|---|---|---|---|---|---|
| | PREMISES/OPERATIONS | | PRODUCTS | | PREMISES/OPERATIONS | | PRODUCTS | | |
| | OLD | NEW | OLD | NEW | OLD | NEW | OLD | NEW | |
| 91580 | $49,881 | $45,868 | Included | Included | 26,088 | 73,578 | Included | Included | 54,338 |
| 94304 | 122.43 | 122.48 | 122.958 | 122.958 | 53,420 | 102,340 | 61,842 | 103,284 | 130,952 |
| 99746 | 63.048 | 82.048 | 147.55 | 147.55 | 11,188 | 22,334 | 26,509 | 53,114 | 37,728 |
| 61228 | 2.372.13 | 2.372.510 | Included | Included | 1,150 | 3,912 | Included | Included | 1,189 |
| 49950 | 0.025 | 0.035 | | | 4,412 | 8,945 | | | 4,473 |
| | | | | | | | | | |
| | | TOTAL | | | 106,188 | 210,371 | 78,201 | 156,401 | 182,387 |

Insured's Signature    _Fred Wanke_

**California Surplus Only**

Premium .................. $ 168,387.00

Pro-Rata Factor:   1.000     State Tax .... $   6,621.61

Stamping Fee ... .225% $   412.12    Additional Premium: $183,387

Total ................ $ 189,801.23    Return Premium: _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72 LPN 23 07 92 |
| | Endorsement Effective 05/01/2004 12:01 A.M. |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc. | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation ...

RECEIVED
OCT 0 7 2005
BY: ____ 5/31
5/21/2004

M-2904 (11/90)      Endorsement Number:   3

09/05/2007 02:24 PM

POLICY NUMBER: 72LPN238792

COMMERCIAL GENERAL LIABILITY
CG 21 54 01 98

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION – DESIGNATED OPERATIONS COVERED BY A CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

**Description and Location of Operation(s):**

Puerta Azul
Cambridge
Tapestry
Pinehurst
Sycamore Lane
Sycamore Orange
Williams Grove
4S Ranch
Belair
24/48 @ Arenas
Jackson Elementary
Felspar Townhomes
Cristamar
The Ranch at Santa Monica

Summerhill
Hillsborough
Bellardo
Bridgeport
Cabrera
Cortina at Torrey Highland
Torrey Glen

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to paragraph 2., Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Coverages):

This insurance does not apply to "bodily injury" or "property damage" arising out of either your ongoing operations or operations included within the "products-completed operations hazard" at the location described in the Schedule of this endorsement, as a consolidated (wrap-up) insurance program has been provided by the prime contractor/project manager or owner of the construction project in which you are involved.

This exclusion applies whether or not the consolidated (wrap-up) insurance program:

(1) Provides coverage identical to that provided by this Coverage Part;

(2) Has limits adequate to cover all claims; or

(3) Remains in effect.

CG 21 54 01 98          Copyright, Insurance Services Office, Inc., 1994          Page 1 of 1

08/05/2007 02:24 PM

N-2904 (11/80)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

CG2154 (01/96) Exclusion – Designated Operations Covered by a Consolidated (Wrap-Up) Insurance Program is hereby attached and applies to the policy.

Signature _____

Additional Premium  $ _____

Return Premium    $ _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72LPN238792 |
| | Endorsement Effective |
| | 4/28/03 12:01 AM |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc. | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

N-2904 (11/80)                    Endorsement #3                    MWC

08/05/2007 02:24 PM

POLICY NUMBER: 72LPN238792

COMMERCIAL GENERAL LIABILITY
CG 21 54 01 96

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION -- DESIGNATED OPERATIONS COVERED BY A CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

Description and Location of Operation(s):

| | |
|---|---|
| Puerta Azul | Summerhill |
| Cambridge | Hillsborough |
| Tapestry | Bellardo |
| Pinehurst | Bridgeport |
| Sycamore Lane | Cabrata |
| Sycamore Orange | Cortina at Torrey Highland |
| Williams Grove | Torrey Glen |
| 4S Ranch | |
| Belair | |
| 24/48 @ Aranas | |
| Jackson Elementary | |
| Felspar Townhomes | |
| Chelsea | |
| The Ranch at Santa Monica | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to paragraph 2., Exclusions of COVERAGE A -- BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I -- Coverage):

This insurance does not apply to "bodily injury" or "property damage" arising out of either your ongoing operations or operations included within the "products-completed operations hazard" at the location described in the Schedule of this endorsement, as a consolidated (wrap-up) insurance program has been provided by the prime contractor/project manager or owner of the construction project in which you are involved.

This exclusion applies whether or not the consolidated (wrap-up) insurance program:

(1) Provides coverage identical to that provided by this Coverage Part;

(2) Has limits adequate to cover all claims; or

(3) Remains in effect.

CG 21 54 01 96          Copyright, Insurance Services Office, Inc., 1994          Page 1 of 1     □

08/05/2007 02:24 PM

## GENERAL CHANGE ENDORSEMENT

M-2804 (11/03)

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

CG2154 (01/96) Exclusion – Designated Operations Covered by a Consolidated (Wrap-Up) Insurance Program is hereby attached and applies to the policy.

Signature _Fred Weaker_

Additional Premium  $ _____

Return Premium    $ _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72CPN238791 |
| | Endorsement Effective 4/26/05 12:01 AM |
| Named Insured | Countersigned by |
| Wanke Industrial, Commercial & Residential, Inc. | By _____ (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-2804 (11/03)                    Endorsement #3                    M250

00/05/2007 02:24 PM

M-2904 (11/80)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

THIs endorsement changes the policy on the Inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

M-5080 (02/02) Schedule of Locations is hereby amended to add Location #4 as follows:
400 S. Farrel Drive, Ste. B106; Palm Springs, CA 92262

The Schedule Of Hazards, Form M-3776a (11/87) is amended    to change the following classifications:

SCHEDULE OF HAZARDS

| CLASS CODE | CLASSIFICATION DESCRIPTION | PREMIUM BASIS | |
|---|---|---|---|
| | | OLD | NEW |
| 61226 | Buildings or Premises – office – NOC (For Profit) | 2760 | 3405 |
| 49950 | Additional Insured -Owners, Lessees, or Contractors | other | other |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| CLASS CODE | RATES | | | | ADVANCE PREMIUM | | | | ADDITIONAL RETURN PREMIUM |
|---|---|---|---|---|---|---|---|---|---|
| | PREMISES/OPERATIONS | | PRODUCTS | | PREMISES/OPERATIONS | | PRODUCTS | | |
| | OLD | NEW | OLD | NEW | OLD | NEW | OLD | NEW | |
| 61226 | 858.813 | 858.813 | Included | Included | 2,373 | 2,927 | | | 317 |
| 49950 | 0.026 | 0.026 | | | 8,846 | 8,880 | Included | Included | 9 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | TOTALS | | | 11,318 | 11,807 | | | 326 |

Pro-Rate Factor:  0.573

Additional Premium: $326

Return Premium: _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72 LPI 23 57 92 |
| | Endorsement Effective 10/01/2004 12:01 A.M. |
| Named Insured | Countersigned at |
| Wanke Industrial Commercial & Residential, Inc. | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy)

M-2904 (11/80)                    Endorsement Number:  3                    SMH    11/10/2004

06/05/2007 02:24 PM

M-2904 (11/80)

## GENERAL CHANGE ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

M-5080 (02/02) Schedule of Locations is hereby amended to delete the following location:

Location #1
58-733 Perez Road #C - 15
Cathedral City, CA 92234

Additional Premium $ _____

Return Premium     $ _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72 LPN 23 87 92 |
| | Endorsement Effective |
| | 10/01/2004 12:01 A.M. |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc. | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-2904 (11/80)                Endorsement #4                SMH 11/05/2004

08/05/2007 02:24 PM

M-5131a (03/2004)

## POLICY PERIOD MINIMUM PREMIUM AND MINIMUM EARNED PREMIUM

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

It is agreed that the policy is changed as follows:

#### Policy Period Minimum Premium

Policy Period Minimum Premium means the minimum premium earned at the end of the original Policy Period shown in the Declarations. This policy may be subject to final audit, but under no circumstances will the audited earned premium be less than the Policy Period Minimum Premium shown or less than the pro rata of the Policy Period Minimum Premium if the policy is cancelled prior to the end of the Policy Period shown in the Declarations.

The Policy Period Minimum Premium for this policy is $485,097.

#### Minimum Earned Premium Upon Cancellation

If the Insured elects to cancel this Policy at any time, for any reason, or the Company elects to cancel this Policy because of the Insured's failure to pay any premium when due, then the Company is entitled to the greatest of:

1)    A Minimum Earned Premium of $188,649; or

2)    The Total Advance Premium including endorsements, adjusted on a pro rata basis; or

3)    The audited earned premium.

If the Company elects to cancel this Policy for any reason other than the Insured's failure to pay any premium when due, then the Company is entitled to the greater of:

1)    The Policy Period Minimum Premium, adjusted on a pro rata basis; or

2)    The audited earned premium.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
| --- | --- |
|  | Endorsement Effective |
| Named Insured | Countersigned at |
|  | By |
|  | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5131a (03/2004)

06/05/2007 02:24 PM

M-2104 (11/80)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

The Policy Period as shown on the Declarations is hereby extended to expire on 05/01/2006 12:01 A.M.

M-6131a (03/04) Policy Period Minimum Premium and Minimum Earned Premium Endorsement is hereby attached and applies to this policy.

The Schedule Of Hazards, Form M-3776a (11/87) is amended   to change the following classifications:

SCHEDULE OF HAZARDS

| CLASS CODE | CLASSIFICATION DESCRIPTION | PREMIUM BASIS | |
|---|---|---|---|
| | | OLD | NEW |
| 91580 | Contractors-exec. Supervisors 04/28/03 to 05/01/05 | p   126,002 | p   123,002 |
| 91580 | Contractors-exec. Supervisors 05/01/05 to 05/01/06 | | p    87,300 |
| 98304 | Painting - exterior 04/28/03 to 05/01/05 | p   809,545 | p   809,545 |
| 98304 | Painting - exterior 05/01/05 to 05/01/06 | | p   476,900 |
| 99746 | Tile, Stone, Marble 04/28/03 to 05/01/05 | p   353,516 | p   353,516 |
| 99746 | Tile, Stone, Marble 05/01/05 to 05/01/06 | | p   143,446 |
| 61226 | Buildings or Premises 04/28/03 to 05/01/05 | a     3,405 | a     3,405 |
| 61226 | Buildings or Premises 05/01/05 to 05/01/06 | | a     2,500 |
| 49950 | Additional Insured 04/28/03 to 05/01/05 | other | other |
| 49950 | Additional Insured 05/01/05 to 05/01/06 | | other |
| 04444 | Add'l to close on advance 04/28/03 to 05/01/05 | flat | flat |

| CLASS CODE | RATES | | | | ADVANCE PREMIUM | | | | ADDITIONAL RETURN PREMIUM |
|---|---|---|---|---|---|---|---|---|---|
| | PREMISES/OPERATIONS | | PRODUCTS | | PREMISES/OPERATIONS | | PRODUCTS | | |
| | OLD | NEW | OLD | NEW | OLD | NEW | OLD | NEW | |
| 91580 | 548,888 | 549,660 | Included | Included | 69,259 | 69,259 | Included | Included | |
| 91580 | | 464,239 | | Included | | 30,828 | | | 30,828 |
| 98304 | 122.43 | 122.43 | 122.858 | 122.859 | 99,113 | 99,113 | 99,540 | 99,540 | |
| 98304 | | 132.918 | | 87,701 | | 83,388 | | 41,467 | 105,255 |
| 99746 | 82,044 | 82,044 | 147.85 | 147.85 | 21,626 | 21,626 | 82,161 | 82,161 | |
| 99746 | | 85,118 | | 105,214 | | 10,111 | | 19,485 | 29,596 |
| 61226 | 859,613 | 859,613 | Included | Included | 1,812 | 1,812 | Included | Included | |
| 61226 | | 834,749 | | Included | | 2,087 | | | 2,087 |
| 49950 | 0.025 | 0.025 | | | 8,960 | 6,960 | | | |
| 49950 | | 0.025 | | | | 4,188 | | | 4,188 |
| 04444 | | | | | 13,773 | 13,773 | | | |
| TOTAL: | | | | | 214,857 | 325,154 | 131,701 | 213,095 | 171,654 |

Insured's Signature_____

Pro-Rata Factor    1,000

Additional Premium: $171,654

Return Premium: _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72 LPN 23 67 92 |
| | Endorsement Effective 05/01/2005 12:01 A.M. |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc. | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-2904 (11/80)                Endorsement Number   6                              SMH    7/18/2005

08/05/2007 02:24 PM

M-3304 (1 9/80)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on its inception date or on the date shown below.

It is agreed that the policy is changed as follows:

The Policy Period as shown on the Declarations is hereby extended to expire on 06/01/2008 12:01 A.M.

M-6131a (03/04) Policy Period Minimum Premium and Minimum Earned Premium Endorsement is hereby attached and applies to this policy.

The Schedule Of Hazards, Form M-3770a (11/97) is amended to change the following classifications:

SCHEDULE OF HAZARDS

Insured's Signature

Pro-Rata Factor:    1.000

Additional Premium:   $171,864

Return Premium:

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72 LPH 33 17 02 |
| | 06/01/2008 12:01 A.M. |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc. | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-3304 (1/01)       Endorsement Number    4                    GHK    7/16/2006

08/05/2007 02:24 PM

M-2904 (11/80)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

CG2154 (01/96) Exclusion – Designated Operations Covered by a Consolidated (Wrap-Up) Insurance Program is amended to add the following project to the Exclusion:

Spyglass
Summit Ridge
Tierra Hermosa
Park Glen on Estes
Baristo Ph 1
Baristo Ph 2
The Villas Ph 1
The Villas Ph 2
St. Baristo
Trio
Moorpark

Signature _____

Additional Premium $ _____

Return Premium $ _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72LPN238792 |
| | Endorsement Effective |
| | 4/28/03 12:01 AM |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc. | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-2904 (11/80)                          Endorsement #7                          MMC

08/05/2007 02:24 PM

Nov 03 2005 5:18PM    WICR                7608278842                    P.2

### GENERAL CHANGE ENDORSEMENT

M-29AK (11/90)

#### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

CO2154 (11/96) Exclusion – Designated Operations Covered by a Consolidated (Wrap-Up) Insurance Program is amended to add the following project to the Exclusion:

Dynghess
Summit Ridge
Tierra Hermosa
Park Glen on Estes
Barlisto Ph 1
Barlisto Ph 2
The Villas Ph 1
The Villas Ph 2
St. Barlisto
Trio
Moorpark

Signature _____

Additional Premium $ _____
Return Premium $ _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72LPM238782 |
| | Endorsement Effective |
| | 4/28/03 12:01 AM |
| Named Insured | Countersigned at |
| Wonke Industries, Commercial & Residential, Inc., | By _____ |
| | (Authorized Representative) |

[The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.]

M-29AK (11/91)                    Endorsement No.                    M29AK

M-5131b (11/2005)

## POLICY PERIOD MINIMUM PREMIUM AND MINIMUM EARNED PREMIUM

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

It is agreed that the policy is changed as follows:

**A. Policy Period Minimum Premium**

Policy Period Minimum Premium means the minimum premium earned at the end of the original Policy Period shown in the Declarations. This policy may be subject to final audit, but under no circumstances will the audited earned premium be less than the Policy Period Minimum Premium shown or less than the pro rata of the Policy Period Minimum Premium if the policy is cancelled prior to the end of the Policy Period shown in the Declarations.

The Policy Period Minimum Premium for this policy is $ 684,394_____ at policy inception.

**B. Minimum Earned Premium upon cancellation**

If the Insured elects to cancel this Policy at any time, for any reason, or the Company elects to cancel this Policy because of the Insured's failure to pay any premium when due, then the Company is entitled to the greatest of:

1)    A Minimum Earned Premium of $ 275,841_____; or

2)    The Total Advance Premium including endorsements, adjusted on a pro rata basis; or

3)    The audited earned premium.

If the Company elects to cancel this Policy for any reason other than the Insured's failure to pay any premium when due, then the Company is entitled to the greater of:

1)    The Policy Period Minimum Premium, adjusted on a pro rata basis; or

2)    The audited earned premium.

**C. Endorsements**

In the event there are any policy endorsements that increase premiums, the Policy Period Minimum Premium will be increased by these endorsement additional premium amounts. This Section C. Endorsements does not apply to policy endorsements resulting from premium audits.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| | Endorsement Effective |
| Named Insured | Countersigned at . |
| | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5131b (11/2005)

06/05/2007 02:24 PM

M-2904 (11/80)

# GENERAL CHANGE ENDORSEMENT

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

The Policy Period as shown on the Declarations is hereby extended to expire on 05/01/2007 12:01 A.M.

M-5131b (1/05) Policy Period Minimum Premium and Minimum Earned Premium Endorsement is hereby attached and applies to this policy.

The Schedule Of Hazards, Form M-3776a (11/87) is amended to change the following classifications:

### SCHEDULE OF HAZARDS

| CLASS CODE | CLASSIFICATION DESCRIPTION | PREMIUM BASIS | |
|---|---|---|---|
| | | OLD | NEW |
| 91580 | Contractors-exec. Supervisors 04/28/05 to 05/01/05 | p  97,348 | p  971,949 |
| 91580 | Contractors-exec. Supervisors 05/01/05 to 05/01/06 | p  33,600 | p  33,600 |
| 91580 | Contractors-exec. Supervisors 05/01/06 to 05/01/07 | | p  33,600 |
| 98304 | Painting - exterior 04/28/05 to 05/01/05 | p  741,122 | p  741,122 |
| 98304 | Painting - exterior 05/01/05 to 05/01/06 | p  254,730 | p  254,730 |
| 98304 | Painting - exterior 05/01/06 to 05/01/07 | | p  500,000 |
| 99740 | Tile, Stone, Marble 04/28/05 to 05/01/05 | p  212,878 | p  212,878 |
| 99740 | Tile, Stone, Marble 05/01/05 to 05/01/06 | p  83,214 | p  83,214 |
| 99740 | Tile, Stone, Marble 05/01/06 to 05/01/07 | | p  250,000 |
| 91280 | Buildings or Premises 04/28/05 to 05/01/06 | a  5,406 | a  5,406 |
| 91280 | Buildings or Premises 05/01/06 to 05/01/06 | a  2,500 | a  2,500 |
| 91280 | Buildings or Premises 05/01/06 to 05/01/07 | | a  2,500 |
| 84444 | Addt'l to meet min. prm. Premium 04/28/05 to 05/01/06 | flat | flat |
| 84444 | Class in Advance Premium 04/28/05 to 05/01/06 | | p  50,000 |
| 97447 | Masonry 05/01/06 to 05/01/07 | | p  150,000 |
| 90935 | Waterproofing NOC 05/01/06 to 05/01/07 | | other |
| 49650 | Additional Insured 04/28/05 to 05/01/06 | other | other |
| 49650 | Additional Insured 05/01/06 to 05/01/07 | | other |

| CLASS CODE | RATES | | | | ADVANCE PREMIUM | | | | ADDITIONAL/ RETURN PREMIUM |
|---|---|---|---|---|---|---|---|---|---|
| | PREMISES/OPERATIONS | | PRODUCTS | | PREMISES/OPERATIONS | | PRODUCTS | | |
| | OLD | NEW | OLD | NEW | OLD | NEW | OLD | NEW | |
| 91580 | 049.848 | 049.868 | Included | Included | 83,639 | 83,639 | Included | Included | |
| 91580 | 454.189 | 454.285 | Included | Included | 18,184 | 15,264 | Included | Included | 14,501 |
| 91580 | | 131.874 | | | | 4,601 | | Included | |
| 98304 | 122.43 | 122.49 | 122.668 | 122.556 | 60,736 | 60,736 | 31,127 | 31,127 | |
| 98304 | 132.916 | 132.918 | 87.761 | 87.781 | 44,492 | 44,492 | 29,388 | 29,388 | 104,837 |
| 98304 | | 125.372 | | 41.491 | | 65,108 | | 41,701 | |
| 99740 | 82.448 | 82.048 | 147.15 | 147.15 | 13,106 | 15,193 | 31,361 | 31,361 | |
| 99740 | 83.115 | 83.115 | 100.214 | 100.214 | 1,941 | 1,941 | 9,740 | 9,740 | -38,318 |
| 99740 | | 32.392 | | 100.000 | | 10,001 | | 33,226 | |
| 91280 | 839.812 | 839.813 | Included | Included | 2,927 | 2,927 | Included | Included | |
| 91280 | 834.748 | 834.748 | Included | Included | 2,087 | 2,087 | Included | Included | 1,683 |
| 91280 | | 783.011 | | Included | | 1,885 | | Included | |
| 84444 | | | | | | 93,409 | | | |
| 84444 | | | | | 82.749 | 83,749 | | | |
| 97447 | | 74.767 | | 99.252 | | 3,740 | | 4,989 | 8,702 |
| 97447 | | 183.174 | | 314.92 | 3,740 | 27,489 | | 17,339 | 74,707 |
| 90935 | | | | | | 9,505 | | | |
| 49650 | 0.078 | 0.078 | | | 8,076 | 8,076 | | | 8,076 |
| 49650 | | 0.025 | | | | | | | |
| | | | | | | | | | |
| (TOTAL) | | | | | 365,862 | 612,126 | 155,834 | 271,702 | 249,121 |

Insured's Signature _____

Pro-Rata Factor:    1.000

Additional Premium:  $249,121

Return Premium: _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72 LPN 23 67 92 |
| | Endorsement Effective 05/01/2006 12:01 A.M. |
| Named Insured | Countersigned at |
| Wenke Industrial, Commercial & Residential, Inc. | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-2904 (11/80)     Endorsement Number    8     SMH   6/1/2006

06/05/2007 02:24 PM

M-5131b (11/2005)

# POLICY PERIOD MINIMUM PREMIUM AND MINIMUM EARNED PREMIUM

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

It is agreed that the policy is changed as follows:

A.  **Policy Period Minimum Premium**

Policy Period Minimum Premium means the minimum premium earned at the end of the original Policy Period shown in the Declarations. This policy may be subject to final audit, but under no circumstances will the audited earned premium be less than the Policy Period Minimum Premium shown or less than the pro rata of the Policy Period Minimum Premium if the policy is cancelled prior to the end of the Policy Period shown in the Declarations.

The Policy Period Minimum Premium for this policy is $ 684,394 _____ at policy inception.

B.  **Minimum Earned Premium upon cancellation**

If the Insured elects to cancel this Policy at any time, for any reason, or the Company elects to cancel this Policy because of the Insured's failure to pay any premium when due, then the Company is entitled to the greatest of:

  1)  A Minimum Earned Premium of $ 275,841 _____ ; or

  2)  The Total Advance Premium including endorsements, adjusted on a pro rata basis; or

  3)  The audited earned premium.

If the Company elects to cancel this Policy for any reason other than the Insured's failure to pay any premium when due, then the Company is entitled to the greater of:

  1)  The Policy Period Minimum Premium, adjusted on a pro rata basis; or

  2)  The audited earned premium.

C.  **Endorsements**

In the event there are any policy endorsements that increase premium, the Policy Period Minimum Premium will be increased by these endorsement additional premium amounts. This Section C. Endorsements does not apply to policy endorsements resulting from premium audits.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
| | Endorsement Effective |
| Named Insured | Countersigned at |
| | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5131b (11/2005)

08/05/2007 02:24 PM

M-3904 (11/90)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

The Policy Period as shown on the Declarations is hereby extended to expire on 08/01/2007 12:01 A.M.

M-6131b (11/03) Policy Period Minimum Premium and Minimum Earned Premium Endorsement is hereby attached and applies to this policy.

The Schedule Of Hazards, Form M-3778a (11/87) is amended   to change the following classifications:

SCHEDULE OF HAZARDS

| CLASSIFICATION DESCRIPTION | | PREMIUM BASIS | |
|---|---|---|---|
| | | OLD | NEW |

Premium ..................... $ 249,121.00
State Tax ...... % ............
Or Stamping Fee .175 % ......... 438.96
Total .............. $ 257,030.59

Additional Premium $249,121

Return Premium: _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72 LPN 63 87 49 |
| | Endorsement Effective |
| | 08/01/2006 12:01 A.M. |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-3904 (11/90)    Endorsement Number:   8    SMH    8/2/2006

08/05/2007 02:24 PM

M-2804 (11/80)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

M5131b (11/05) Policy Period Minimum Premium and Minimum Earned Premium endorsement is hereby amended to show the Policy Period Minimum Premium for this policy to be $602,786 in lieu of $684,394.

Additional Premium  $ _____

Return Premium     $ _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number 72LPN238792 |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | Endorsement Effective 05/01/2006  12:01 A.M. |
| Named Insured | Countersigned at |
| Wanke Industrial Commercial & Residential Inc | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-2804 (11/80)                    Endorsement #9

05/05/2007 02:24 PM

M-2904 (11/00)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

M-5080 (02/02) Schedule of Locations is hereby amended to show the address for Location #3 as follows:

9494 Kearny Mesa Rd., #D36
San Diego, CA  92126

Additional Premium  $ _____

Return Premium  $ _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72 LPN 23 87 92 |
| | Endorsement Effective |
| | 05/01/2006 12:01 A.M. |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc. | By |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

00/05/2007 02:24 PM

M-2904 (11/80)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

CG2154 (01/96) Exclusion – Designated Operations Covered by a Consolidated (Wrap-Up) Insurance Program is hereby amended to add the following projects:

Fieldstone Communities
Montana De Oro
DR Horton
Trendwest
Island View
Bella Vista
La Jolla Pacific/Monde
Palermo
3rd Avenue
Canyon Point

Signature _____

Additional Premium  $ _____

Return Premium  $ _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72 LPN 23 87 92 |
| | Endorsement Effective 04/28/2008 12:01 A.M. |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc. | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-2904 (11/80)        Endorsement #11        SMH 08/16/2006

08/05/2007 02:24 PM

M-2904 (11/00)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

CG2154 (01/96) Exclusion – Designated Operations Covered by a Consolidated (Wrap-Up) Insurance Program is hereby amended to add the following projects:

Fieldstone Communities
Montana De Oro
DR Horton
Trendwest
Island View
Bella Vista
La Jolla Pacific/Monde
Palermo
3rd Avenue
Canyon Point

Signature _____

Additional Premium  $ _____

Return Premium      $ _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | 72 LPN 23 87 92 |
| | Endorsement Effective |
| | 04/20/2003 12.01 A M |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc. | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy )

M-2904 (11/00)                    Endorsement #11                    SMH 08:16/2006

06/05/2007 02:24 PM

M-2904 (11/80)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

M-5080 (02/02) Schedule of Locations is hereby amended to add location #5 as follows:
20653 Lycoming Street A8; Walnut, CA 91789

The Schedule Of Hazards, Form M-3776a (11/87) is amended    to change the following classifications:

SCHEDULE OF HAZARDS

| CLASS CODE | CLASSIFICATION DESCRIPTION | PREMIUM BASIS | |
|---|---|---|---|
| | | OLD | NEW |
| 61226 | Buildings or Premises — office — NOC (For Profit) | a    2500 | a    5060 |
| 49950 | Additional Insured - Owners, Lessees, or Contractors | other | other |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| CLASS CODE | RATES | | | | ADVANCE PREMIUM | | | | ADDITIONAL RETURN PREMIUM |
|---|---|---|---|---|---|---|---|---|---|
| | PREMISES/OPERATIONS | | PRODUCTS | | PREMISES/OPERATIONS | | PRODUCTS | | |
| | OLD | NEW | OLD | NEW | OLD | NEW | OLD | NEW | |
| 61226 | 793.011 | 793.011 | Included | Included | 1,983 | 4,013 | Included | Included | 1,592 |
| 49950 | 3.025 | 3.025 | | | 6,075 | 6,126 | | | 38 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | TOTAL: | | | 8,058 | 10,139 | | | 1,631 |

Pro-Rate Factor:    0.784

Additional Premium:    $1,631

Return Premium: _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| | 72 LPH 23 67 92 |
| NATIONAL FIRE & MARINE INSURANCE COMPANY | Endorsement Effective |
| | 07/19/2006 12:01 A.M. |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc. | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-2904 (11/80)             Endorsement Number:   12                SMH    8/11/2006

08/05/2007 02:24 PM

M-2904 (11/80)

## GENERAL CHANGE ENDORSEMENT

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement changes the policy on the inception date of the policy or on the date shown below.

It is agreed that the policy is changed as follows:

CG2154 (01/96) Exclusion – Designated Operations Covered by a Consolidated (Wrap-Up) Insurance Program is hereby amended to add the following projects:

The Village Tradition
Chanpman Commons
Vista del Logo
Watermark

Signature _____

Additional Premium  $ _____

Return Premium  $ _____

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number 72LPN238792 |
| --- | --- |
| NATIONAL FIRE & MARINE INSURANCE COMPANY | Endorsement Effective 4/28/03 12:01 AM |
| Named Insured | Countersigned at |
| Wanke Industrial, Commercial & Residential, Inc. | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-2904 (11/80)                    Endorsement #13                    MMC



# ACORD CERTIFICATE OF LIABILITY INSURANCE

| | |
|---|---|
| OP ID DB WANKE-3 | DATE (MM/DD/YYYY) 05/03/04 |

**PRODUCER**
Cavignac & Associates
1230 Columbia St., Suite 850
San Diego CA 92101-3547
Phone: 619-234-6848  Fax: 619-234-8601

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**INSURERS AFFORDING COVERAGE** NAIC #

**INSURED**
Wanke, Industrial Commercial &
Residential, Inc.
P.O. Box 1150
Cathedral City CA 92235

| | | | | |
|---|---|---|---|---|
| INSURER A: | National Fire & Marine Ins. Co | | | |
| INSURER B: | | | | |
| INSURER C: | | | | |
| INSURER D: | | | | |
| INSURER E: | | | | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | GENERAL LIABILITY X COMMERCIAL GENERAL LIABILITY CLAIMS MADE X OCCUR | 72LPN238792 | 04/28/03 | 05/01/05 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $50,000 |
| | | | | | | MED EXP (Any one person) | $5,000 |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: POLICY PRO-JECT LOC | | | | GENERAL AGGREGATE | $2,000,000 |
| | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | | | | | Emp. Ben. | 1,000,000 |
| | | AUTOMOBILE LIABILITY ANY AUTO ALL OWNED AUTOS SCHEDULED AUTOS HIRED AUTOS NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | GARAGE LIABILITY ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN EA ACC AUTO ONLY: AGG | $ $ |
| | | EXCESS/UMBRELLA LIABILITY OCCUR CLAIMS MADE DEDUCTIBLE RETENTION $ | | | | EACH OCCURRENCE | $ |
| | | | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? If yes, describe under SPECIAL PROVISIONS below | | | | WC STATU-TORY LIMITS OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | OTHER | | | | E.L. DISEASE - POLICY LIMIT | $ |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS**
Re: Monarch Hills. Certificate holder, Monarch Hills Condominium
Association c/o Merit Property Management and Gafcon are named as additional
insureds as respects to general liability per CG2009 03/97. *10 days
notice of cancellation for non-payment of premium.

**CERTIFICATE HOLDER** WERMER3

Wermers Multi-Family Corp.
5120 Shoreham Place, Ste.150
San Diego CA 92122

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL *30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE

ACORD 25 (2001/08) © ACORD CORPORATION 1988

**NOTEPAD:** INSURED NAME

### IMPORTANT

If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

### DISCLAIMER

The Certificate of Insurance attached to this form does not constitute a contract between the issuing Insurer(s), authorized representative or producer, and the certificate holder, nor does it affirmatively or negatively amend, extend or alter the coverage afforded by the policies listed thereon.

POLICY NUMBER:

72LPN238792

COMMERCIAL
GENERAL LIABILITY
CG 20 09 03 97

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION (FOR USE WHEN CONTRACTUAL LIABILITY COVERAGE IS NOT PROVIDED TO YOU IN THIS POLICY)

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

| Name Of Person Or Organization (Additional Insured): | Location Of Covered Operations |
|---|---|
| Werners Multi-Family Corp.<br>5120 Shoreham Place, Ste. 150<br>San Diego, CA  92122<br><br>and<br><br>Monarch Hills Condominium Association<br>c/o Merit Property Management<br><br>and<br><br>Gafcon | Monarch Hills |

| Bodily Injury And<br>Property Damage Liability | Premium Basis<br>Cost | Rates<br>(Per $1000 Of Cost) | Advance Premium |
|---|---|---|---|
|  |  |  | $ |
|  |  | Total Advance Premium | $ |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

A. Who Is An Insured (Section II) is amended to include as an insured the person or organization (called "additional insured") shown in the Schedule but only with respect to liability arising out of:

    1. Your ongoing operations performed for the additional insured(s) at the location designated above; or

2. Acts or omissions of the additional insured(s) in connection with their general supervision of such operations.

B. With respect to the insurance afforded these additional insureds, the following additional provisions apply:

1. Exclusions b., c., g., h.(1), j., k., l. and n. under Coverage A – Bodily Injury And Property Damage Liability (Section I – Coverages) do not apply.

2. **Additional Exclusions**

This insurance does not apply to:

a. "Bodily injury" or "property damage" for which the additional insured(s) are obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the additional insured(s) would have in the absence of the contract or agreement.

b. "Bodily injury" or "property damage" occurring after:

(1) All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed; or

(2) That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

c. "Bodily injury" or "property damage" arising out of any act or omission of the additional insured(s) or any of their "employees", other than the general supervision by the additional insured(s) of your ongoing operations performed for the additional insured(s).

d. "Property damage" to:

(1) Property owned, used or occupied by or rented to the additional insured(s);

(2) Property in the care, custody, or control of the additional insured(s) or over which the additional insured(s) are for any purpose exercising physical control; or

(3) Any work, including materials, parts or equipment furnished in connection with such work, which is performed for the additional insured(s) by you.

CG 20 09 03 97

© Insurance Services Office, Inc., 1998

©ISO Properties, Inc.
©2004 Insurance Reference Systems, Inc. All Rights Reserved.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br><br>SULLIVAN, HILL, LEWIN, REZ & ENGEL<br>TIMOTHY C. EARL - SBN # 174967<br>550 WEST C STREET, STE 1500<br>SAN DIEGO, CA 92101<br>TELEPHONE NO. *(Optional)*  (619) 233-4100  FAX NO. *(Optional)*<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF: SAN DIEGO<br>STREET ADDRESS: 330 W. BROADWAY<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN DIEGO, CA 92101<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER:  WERMERS MULTI-FAMILY CORP.<br><br>DEFENDANT/RESPONDENT:  NATIONAL FIRE & MARINE INS. CO | CASE NUMBER:<br>37-2008-00077280-CU-IC-CTL |
| PROOF OF SERVICE OF SUMMONS | Ref No. or File No.<br>0P140108-01/999909705 |

*(Separate proof of service is required for each party served)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of the summons and
   e. other *(specify documents)*:
   SUMMONS AND COMPLAINT; NOTICE OF CASE ASSIGNMENT; STIPULATION TO USE OF
   ALTERNATIVE DISPUTE RESOLUTION PROCESS; NOTICE TO LITIGANTS/ADR
   INFORMATION PACKAGE;

3. a. Party Served: *(specify name of party as shown on the documents served)*:
   NATIONAL FIRE & MARINE INSURANCE COMPANY, A BUSINESS OF UNKNOWN
   FORM

   b. Person Served: other *(specify name and relationship to party named in item 3a)*: other *(specify name and relationsh*
   NANCY PETERS                , PERSONS AUTHORIZED TO ACCEPT

4. Address where the party was served:        4016 FARNAM STREET
                                               OMAHA, NE 68131

5. I served the party *(check proper box)*
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): (2) at (time):
                                               2/8/08            11:15Am

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

0.00

| PETITIONER: WERMERS MULTI-FAMILY CORP. | CASE NUMBER: |
| RESPONDENT: NATIONAL FIRE & MARINE INS. CO | 37-2008-00077280-CU-IC-C! |

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   under the following Code of Civil Procedure section:
   [XX] 416.95 a business organization form unknown

7. Person who served papers Charles Casey
   a. Name:                    c/o Advanced Atty. Service
   b. Address: 3500 Fifth Avenue, Suite 202
   c. Telephone:(619) 299-2012
   e. I am: (1) not a registered California process server
      (i) Employee or independent contractor.
      (ii) Registration No.:
      (iii) County :

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:        February 8, 2008


_____Charles Casey_____                _____Charles Casey_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)              (SIGNATURE)                     Page 2 of 2

Form Adopted for Mandatory Use
Judicial Council of California POS-010
(Rev. January 1, 2007)          **PROOF OF SERVICE OF SUMMONS**          Code of Civil Procedure, § 417.10

352/0P140108-01

Legal Tabs Co. 1-800-322-3022

Recycled    Stock # R-EX-10-B

**Exhibit 2**

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2008 MAR -3 P 3: 45

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

DALE A. AMATO, ESQ. (SBN 137965)
BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027
Tel: (858) 547-0075 • Fax: (858) 547-0175

Attorney for Defendant, National Fire & Marine Insurance Company

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| WERMERS MULTI-FAMILY CORP. a California corporation, | CASE NO. 37-2008-00077280-CU-IC-CTL |
| Plaintiff, | **NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO COMPLAINT** |
| v. | |
| NATIONAL FIRE & MARINE INSURANCE COMPANY, a business entity of unknown form and DOES 1 through 50, | |
| Defendant. | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

Defendant National Fire & Marine Insurance Company (hereafter "NFMIC") hereby sets forth its Answer to Plaintiff's Complaint as follows:

### GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), NFMIC denies generally and specifically, each and every allegation contained in Plaintiff's Complaint. NFMIC also specifically denies that Plaintiff's alleged damages were, or will be, sustained in the amount alleged, or in any other amount.

1

NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO COMPLAINT

1

2    **AFFIRMATIVE DEFENSES**

3    **FIRST AFFIRMATIVE DEFENSE**

4        1.    The Complaint as a whole, and each claim for relief contained therein, fails

5    to state facts sufficient to constitute a claim for which relief can be granted.

6    **SECOND AFFIRMATIVE DEFENSE**

7        2.    To the extent that NFMIC issued an insurance policy that provides

8    coverage to Plaintiff, NFMIC is informed and believes and thereon alleges that the

9    Plaintiff failed to comply with conditions precedent to recovery under the policy and

10   thus, is barred from recovery for the claims asserted in Plaintiff's Complaint.

11   **THIRD AFFIRMATIVE DEFENSE**

12       3.    To the extent that NFMIC issued an insurance policy that provides

13   coverage to the Plaintiff, NFMIC is informed and believes and thereon alleges that the

14   Plaintiffs failed to comply with conditions subsequent to recovery under the policy and

15   thus, is barred from recovery for the claims asserted in Plaintiff's Complaint.

16   **FOURTH AFFIRMATIVE DEFENSE**

17       4.    Plaintiff's alleged damages were caused, in whole or in part, by Plaintiff's

18   own lack of care or negligence, and accordingly, NFMIC is informed and believes and

19   thereon alleges that the Plaintiff's claims are barred to the extent of that negligence.

20   **FIFTH AFFIRMATIVE DEFENSE**

21       5.    NFMIC is informed and believes and thereon alleges that the Plaintiff's

22   alleged damages and injuries were proximately contributed to and/or caused by the acts,

23   conduct, or omissions of third parties, other than NFMIC, which precludes or diminishes

24   Plaintiff's recovery from NFMIC in the present lawsuit.

25

26

27

28

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

2

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

## SIXTH AFFIRMATIVE DEFENSE

6.    NFMIC is informed and believes and thereon alleges that the any obligation NFMIC is claimed to have had under the alleged insurance policy was excused by Plaintiff's breach, violation or non-performance of Plaintiff's obligations under said policy.

## SEVENTH AFFIRMATIVE DEFENSE

7.    Plaintiff's Complaint, and each claim therein, is barred by the applicable Statute of Limitations, including, but not limited to, California Code of Civil Procedure sections 338, 339 and 340, or the applicable contractual period of limitations set forth in the policy of insurance.

## EIGHTH AFFIRMATIVE DEFENSE

8.    NFMIC is informed and believes and thereon alleges that the Plaintiff has violated policy conditions, failed to perform all policy obligations, and failed to satisfy all policy conditions under the policy allegedly issued by NFMIC, all to NFMIC's prejudice. Accordingly, Plaintiff's action is barred, in whole or in part.

## NINTH AFFIRMATIVE DEFENSE

9.    The policy issued by NFMIC contains various terms, conditions, limitations, exclusions, or other language which act to limit or otherwise bar Plaintiff's claims, in whole or in part.

## TENTH AFFIRMATIVE DEFENSE

10.    The policy issued by NFMIC applies, if at all, only to injuries and damages that occurred during the policy period.  To the extent that Plaintiff seeks to recover for damages that did not occur during the policy period, Plaintiff's claims are barred.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates NFMIC's right to due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California, and therefore

1 | fails to state a cause of action upon which either punitive or exemplary damages can be

2 | awarded.

3 | <u>TWELFTH AFFIRMATIVE DEFENSE</u>

4 |     12.    NFMIC is informed and believes and thereon alleges that the Plaintiff has

5 | failed to mitigate its damages and,  to the extent such alleged damages could have been

6 | reduced or avoided by reasonable conduct on the part of the Plaintiff, those damages are

7 | not recoverable from NFMIC.

8 | **THIRTEENTH AFFIRMATIVE DEFENSE**

9 |     13.    NFMIC is informed and believes and thereon alleges that the Plaintiff has

10 | failed to cooperate with NFMIC as is required under the alleged insurance policy.

11 | **FOURTEENTH AFFIRMATIVE DEFENSE**

12 |     14.    NFMIC is informed and believes and thereon alleges that the Plaintiff has

13 | waived and/or is estopped from asserting each and every claim in the Plaintiff's

14 | Complaint.

15 | **FIFTEENTH AFFIRMATIVE DEFENSE**

16 |     15.    The damages which are alleged in the action of *Monarch Hills*

17 | *Condominium Assn. v. Wermers Multi-Family Corp, et. al.,* Orange County Superior

18 | Court Case No. 06 CC 00068 ("Underlying Action") did not arise out of the work of

19 | NFMIC's insured, Wanke Industrial, Commercial, Residential, Inc. Thus, there is no

20 | coverage, in whole or in part, for the claims asserted in plaintiff's complaint.

21 | **SIXTEENTH AFFIRMATIVE DEFENSE**

22 |     16.    NFMIC has fully performed all obligations owed to plaintiff under the

23 | policy of insurance issued by NFMIC.

24 | **SEVENTEENTH AFFIRMATIVE DEFENSE**

25 |     17.    NFMIC is not liable to the Plaintiff on causes of action for breach of the

26 | covenant of good faith and fair dealing because there at all times existed a genuine

27 | dispute between NFMIC and Plaintiff as to the existence of coverage under the policy for

28 | the underlying action.

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

4

NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.   NFMIC is not liable to Plaintiff on the causes of action for breach of the implied covenant of good faith and fair dealing because at no time did NFMIC withhold policy benefits from Plaintiff unreasonably or without proper cause.

## NINETEENTH AFFIRMATIVE DEFENSE

19.   The policy expressly contains the following language which may limit plaintiff's recovery:

COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY

Subject to the limits of insurance set forth in the Declarations and to the Policy terms, conditions and exclusions, the Policy provides the following liability coverage under Coverage A:

SECTION 1- COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.   Insuring Agreement

a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury or "property damage" to which this insurance does not apply...

b.   This insurance applies to "bodily injury" and "property damage" only if:

(1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)   The "bodily injury" or "property damage" occurs during the policy period; and

(3)   Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part If such a listed insured or

5

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.   "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under paragraph I. of Section II - Who Is An Insured or any "employee' authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period,

d.   "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II- Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

   (1)   Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

   (2)   Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage; or

   (3)   Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

## TWENTIETH AFFIRMATIVE DEFENSE

20.   The policy expressly contains the following language which may limit plaintiff's recovery:

### PRIOR WORK EXCLUSION-INCEPTION

In consideration of the premium charged, it is understood and agreed that this policy does not apply to any "bodily injury", "property damage" or "personal and advertising injury" arising out of, resulting from, caused or contributed to, directly or indirectly by any work by or on behalf of any "insured" or any "insured's" subcontractor(s), performed prior to the date this policy incepts.

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

6

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.   The policy expressly contains the following language which may limit plaintiff's recovery:

EXCLUSION OF DAMAGES COMMENCING PRIOR TO POLICY PERIOD ENDORSEMENT BROAD FORM EXCLUSION

This insurance does not apply to any "property damage" or "bodily injury" caused by an "occurrence", if any such "property damage" or any such "bodily injury" "commences" in whole or in part prior to the first day of the policy period of this Policy. This exclusion applies even if the "property damage" or "bodily injury" continues, is alleged to continue, or is deemed to continue during the policy period of this Policy.

All exposure to a certain condition or related conditions and all damages involving or arising out of the same product, category of products, completed operation, job site, act or event, regardless of the frequency or repetition of those conditions or damages or the number of claimants shall be considered a single "occurrence".

For the purposes of this Endorsement only, "commences" shall mean: (i) first occurs, is alleged to first occur or is deemed to first occur, or (ii) incepts, is alleged to incept or is deemed to incept, or (iii) first manifests, is alleged to have first manifested, or is deemed to have first manifested- "Commences" is the earliest point in time of (i). (ii) or (iii).

This insurance does not apply to any "personal and advertising injury" caused by an offense, if that offense was first committed or alleged to have been committed prior to the first day of the policy period of this Policy. This exclusion applies even if the offense resulting or alleged to have resulted in "personal and advertising injury" continues, is alleged to continue, or is deemed to continue during the policy period of this policy.

Repeated instances of the same or similar conduct or acts, regardless of the frequency or repetition thereof; shall be considered a single offense.

This insurance does not apply to a claim or "suit" unless an insured has notified us of that claim or "suit". Notification of a claim or "suit" by a person who is not an insured shall not be considered notification for the purposes of this Policy.

If any insured requests an insurance company, including us, to defend, pay or indemnify any amount or otherwise respond to any claim or "suit" under any insurance policy incepting prior to the first day of the policy period of this Policy, this Policy shall not apply to damages sought in that claim or "suit". The previous sentence does no apply to the request for defense, payment or indemnification of any claim or "suit" to any insurance carrier with regard to a policy which is specifically written to be excess of this Policy.

7

NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO COMPLAINT

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

To the extent the "property damage" alleged in the Suit commenced before the Policy incepted on April 28, 2003, the Policy does not provide coverage for the Suit. In addition, to the extent any insured has requested any insurance company, including National Fire, to respond to this claim under an insurance policy that incepted prior to the Policy's inception date of April 28, 2003, the Policy does not apply to damages sought in the suit.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    The policy expressly contains the following language which may limit plaintiff's recovery:

#### ELECTION OF INSURANCE CARRIER FOR DEFENSE, LIMITED DUTY TO DEFEND BROAD FORM LIMITATION

If any insured believes that more than one insurance company may have the duty to defend a "suit" for which coverage is provided under this Policy, that insured must elect in writing either to request us to defend the insured or to request one or more other insurance companies to defend the insured with regard to that "suit".

We have the option, but not the duty, to defend any "suit" if any insured has requested another insurance company or companies to defend the "suit" in whole or in part, regardless of whether such request has beet accepted or accepted under a reservation of rights. We may request the insured to warrant that it has not requested and will not request another insurance company to defend the "suit" in whole or in part as a condition precedent to our defending the "suit".

If we are providing a defense for any insured to any "suit", including a defense under reservation of rights, and that insured or any other insured requests the defense of such "suit" in whole or in part by any other insurance carrier, regardless of whether such insurance carrier agrees to provide a defense or agrees to provide a defense under reservation of rights, then our duty to defend ends and we shall have the right, but not the obligation, to withdraw from any farther participation in the defense of that "suit".

We shall not have the duty to defend any indemnitee of any insured if we do not have a duty to defend the insured asking us to defend the indemnitee.

With respect to SUPPLEMENTARY PAYMENTS - COVERAGES A AND B, we shall not pay any attorney's fees, other legal expenses or costs incurred by any insured or indemnitee in connection with a "suit" if we have no duty to defend that insured or indeninitee in that "suit". We shall not pay any prejudgment interest or post-judgment interest with respect to any "suit" if we do not have a duty to defend that "suit".

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

8

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    The policy expressly contains the following language which may limit plaintiff's recovery:

This insurance does not apply to:

* * *

b.   Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)    That the insured would have in the absence of the contract or agreement; or

(2)    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a)    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)    Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    The policy expressly contains the following language which may limit plaintiffs' recovery:

ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

9

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO COMPLAINT

* * *

A.  Who Is An Insured (Section II) is amended to include as an insured the person or organization (called "additional insured") shown in the Schedule but only with respect to liability arising out of:

1.  Your ongoing operations performed for the additional insured(s) at the location designated above; or

2.  Acts or omissions of the additional insured(s) in connection with their general supervision of such operations.

B.  With respect to the insurance afforded these additional insureds, the following additional provisions apply:

1.  Exclusions b., c., g., h.(l), j., k., l. and n. under Coverage A - Bodily Injury And Property Damage Liability (Section I - Coverages) do not apply.

2.  Additional Exclusions

This insurance does not apply to:

    a.  "Bodily injury" or "property damage" for which the additional insured(s) are obligated to pay damages by reason of the assumption of liability in a contract or agreement This exclusion does not apply to liability for damages that the additional insured(s) would have in the absence of the contact or agreement.

    b.  "Bodily injury" or "property damage" occurring after

        (1)  All work, including material, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed; or

        (2)  That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

    c.  "Bodily injury" or "property damage" arising out of any act or omission of the additional insured(s) or any of their "employees", other than the general

10

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA  92131-1027

supervision by the additional insured(s) of your ongoing operations performed for the additional insured(s).

    d.    "Property damage" to:

        (1)    Property owned, used or occupied by or rented to the additional insured(s);

        (2)    Property in the care, custody, or control of the additional insured(s) or over which the additional insured(s) are for any purpose exercising physical control; or

        (3)    Any work, including materials, parts or equipment finished in connection with such work, which is performed for the additional insured(s) by you.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    The policy expressly contains the following language which may limit plaintiffs' recovery:

This insurance does not apply to:

          *  *  *

j.    Damage to Property

    "Property damage" to:

    (1)    Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

    (2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

    (3)    Property loaned to you;

    (4)    Personal property in your care, custody or control or the care, custody or control of your "employees," "volunteer workers," or agents;

    (5)    That particular part of real property on which you or your "employees," "volunteer workers," or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

11

NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO COMPLAINT

(6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraph (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products -completed operations hazard".

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    The policy expressly contains the following language which may limit plaintiff's recovery:

This insurance does not apply to:

* * *

k. Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    The policy expressly contains the following language which may limit plaintiff's recovery:

This insurance does not apply to:

* * *

l.    Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

///

///

///

///

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

12

NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO COMPLAINT

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    The policy expressly contains the following language which may limit plaintiff's recovery:

This insurance does not apply to:

* * *

m.   Damage To Impaired Property or Properly Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of

(1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work": or

(2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product' or "your work" after it has been put to its intended use.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    The policy expressly contains the following language which may limit plaintiff's recovery:

This insurance does not apply to:

* * *

n.   Recall Of Products, Work Or Impaired Property

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)    "Your product";

(2)    "Your work"; or

(3)    "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO COMPLAINT

## THIRTIETH AFFIRMATIVE DEFENSE

30.    The policy expressly contains the following language which may limit plaintiff's recovery:

INDEPENDENT CONTRACTORS AND SUB-CONTACTORS
COVERAGE REQUIREMENT-EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to "bodily injury," "property damage," or "personal or advertising injury" arising out of operations performed for you by independent contractors or sub-contractors unless:

    (1)    Such independent contractors or sub-contractors agree in writing to defend, indemnify, and hold harmless you and your affiliates, subsidiaries, directors, officers, employees, agents, and their representatives from and against all claims, damages, losses, and expenses attributable to, resulting from, or arising out of the independent contractors or sub-contractor's operations performed for you, caused in whole or in part by any act or omission of the independent contractor or sub-contractor or any one directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by you; and

    (2)    Such independent contractors or sub-contractors carry insurance with coverage and limits of liability equal to or greater than those carried by you, including commercial general liability, workers' compensation and employers' liability insurance; and

    (3)    Such commercial general liability insurance provides coverage for the independent contractors or subcontractors' indemnity obligations set forth in paragraph (1) above; and

    (4)    Such commercial general liability insurance names you as an additional insured with coverage consistent with the coverage provided in the ISO 2009 endorsement.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    The policy expressly contains the following language which may limit plaintiff's recovery:

EXCLUSION-EXTERIOR INSULATION AND FINISH SYSTEMS

This endorsement modifies insurance provided under the following:

14

NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO COMPLAINT

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA  92131-1027

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the following, whether performed by you or by any person who is alleged to be your agent, employee or indemnitee or subcontractor:

1.  The design, manufacture, construction, fabrication, preparation, installation, application, maintenance, use, sale, service, or repair, including remolding, correction, replacement of service, of any exterior insulation and finish system (commonly referred to as synthetic stucco or EIFS) or any direct-applied exterior finish system (commonly referred to as DEFS) or any part or portion thereof, or any substantially similar system or any part or portion thereon including the application or use of conditioners, primers, accessories, flashings, coating, caulkings, or sealants in connection with such a system; or

2.  Any design, manufacture, construction, fabrication, preparation, installation, application, maintenance, use, sale, service, or repair, including remolding, correction, replacement or service, of any exterior component, fixture or feature on any structure if any exterior insulation and finish system, direct-applied exterior finish system or substantially similar system is used on any part of that structure.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32.    The policy expressly contains the following language which may limit plaintiff's recovery:

EXCLUSION-CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS

This endorsment modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section 1 - Coverage B - Personal And Advertising Injury Liability:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury arising out of:

1.    The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or

15

NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO COMPLAINT

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

2.   Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.

This exclusion does not apply to "bodily injury" or "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.   The policy expressly contains the following language which may limit plaintiff's recovery:

EXCLUSION- CONTRACTORS-PROFESSIONAL LIABILITY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2., Exclusions of Section I-Coverage A-Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I-Coverage B-Personal And Advertising Injury Liability:

1.   This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf but only with respect to either or both of the following operations:

a.   Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

b.   Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

2.   Subject to Paragraph 3. below, professional services include:

a.   Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

b.   Supervisory or inspection activities performed as part of any related architectural or engineering activities.

3.   Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

16

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    The policy expressly contains the following language which may limit plaintiff's recovery:

LEAD PAINT EXCLUSION

This insurance does not apply to any liability for bodily injury, property damage, personal injury, sickness disease, disability or shock including death at any time resulting from the actual or alleged exposure to any lead paint or caused or aggravated by the actual or alleged existence of lead paint in any building or product.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.    The policy expressly contains the following language which may limit plaintiff's recovery:

FUNGUS EXCLUSION

In consideration of the premium charged, it is understood and agreed that this policy does not apply to any:

1)    "Bodily injury", "property damage" or "personal and advertising injury" arising out of, resulting from, caused or contributed to, directly or indirectly by:

    a)    Any "fungus" or "spore";

    b)    Any substance, vapor, or gas produced by or arising out of any "fungus" or "spore". This includes, but is not limited to, any metabolite such as mycotoxin or a volatile organic compound; or

    c)    Any material, product, building component, building or structure that contains harbors, nurtures or acts as a medium for any "fungus" or "spore" to the extent that is results in, causes or contributes concurrently or in any sequence to such injury or damage described in a) or b) above;

2)    Costs of testing for, monitoring, abatement, mitigation, removal, remediation or disposal of any of the items described in 1) above;

3)    Other cause or event to the extent that it contributed concurrently or in any sequence to such injury, damage or costs described in items 1) or 2) above;

4)    Supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with items 1), 2) or 3) above; and

BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

17

1         5)    Obligation to share damages with or repay someone else
2            who must pay damages because of such injury or damage.

This exclusion does not apply to "bodily injury" as the result of the
ingestion of goods intended for human consumption.

4    For the purpose of this endorsement, the following definitions are
added:

5    "Fungus" includes, but is not limited to, any form or type of mold,
mushroom or mildew.

6

7    "Spore" means any reproductive body produced by or arising out
of any "fungus".

8

9    **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

10        35.    The policy expressly contains the following language which may limit

11    plaintiff's recovery:

12    SUBSIDENCE EXCLUSION ENDORSEMENT

13    In consideration of the premium charged, it is understood and agreed
that this policy does not apply to any "bodily injury", "property
14    damage", or "personal and advertising injury" arising out at resulting
from, caused, aggravated or contributed to, directly or indirectly by
15    the subsidence, settling, sinking, slipping, falling away, caving in,
shifting, eroding, mud flow, rising, tilting, or any other movement of
16    land or earth.

17    **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

18        37.    The policy expressly contains the following language which may limit

19    plaintiff's recovery:

20    PUNITIVE DAMAGES EXCLUSION

21    The insuring agreement is amended to provide that this insurance does
22    not apply to any sums awarded as punitive damages.

23    **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

24        38.    The policy expressly contains the following language which may limit

25    plaintiff's recovery:

26

27    SECTION IV - Commercial General Liability Conditions - 4. Other
Insurance is replaced with the following:

28

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

18

NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO COMPLAINT

BERGER KAHN
A Law Corporation
1008S Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, or on any other basis; unless the other insurance is issued to the Named Insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

When this insurance is excess, we will have no duty under Coverage A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but the insured's rights against all those other insurers who have a duty to defend the insured are transferred to us. The insured must do nothing to impair them. At our request, the insured will bring "suit" or transfer those rights to use and help us enforce them.

When this insurance is excess of any other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

    (1)    The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

    (2)    The total of all deductible and self-insured amounts under all that other insurance.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39.    NFMIC is informed and believes and thereon alleges that it may have other separate and additional defenses of which it is presently unaware. NFMIC reserves the right to rely upon other defenses as they become available or become apparent during discovery proceedings in this case and hereby reserves its right to amend this Answer to assert other defenses.

///
///
///
///
///
///
///

19

NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO COMPLAINT

1   WHEREFORE, Defendant NFMIC prays for judgment as follows:

2   1.    That Plaintiffs take nothing by way of Plaintiff's Complaint;

3   2.    For costs incurred in defending this action; and

4   3.    For such other and further relief as the Court may deem just and proper.

5

6   DATED: March 3, 2008                    BERGER KAHN, A Law Corporation

7

8   By: _____
        DALE A. AMATO

9       Attorneys for Defendant,
        NATIONAL FIRE & MARINE

10      INSURANCE COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BERGER KAHN**
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

20

NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO COMPLAINT

1    WERMERS MULTI-FAMILY CORP. a California corporation vs NATIONAL FIRE &
2    MARINE INSURANCE COMPANY 37-2008-00077280-CU-IC-CTL

3                                    PROOF OF SERVICE

4            I am employed in the County of San Diego, State of California. I am over the age of 18
5    and not a party to the within action. My business address is: Berger Kahn, 10085 Carroll Canyon
6    Road, Suite 210, San Diego, California 92131.

7            On **March 3, 2008**, I served the foregoing documents described as:

8    **NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO**
9    **COMPLAINT**

10   on the interested parties in this action:

11   Timothy C. Earl
     SULLIVAN, HILL, LEWIN, REZ & ENGEL
12   550 West "C" St., Ste. 1500
     San Diego, CA 92101

13

14   [X]    by placing [ ] the original [X] a true copy thereof enclosed in a sealed envelope first-
     class mail addressed as follows:
15
     [X]    BY MAIL - I am "readily familiar" with the firm's practice of collection and processing
16   correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal
     Service on that same day with postage thereon fully prepaid at San Diego, California, in the
17   ordinary course of business.  I am aware that on motion of the party served, service is presumed
     invalid if postal cancellation date or postage meter date is more that one day after date of deposit
18   for mailing in affidavit.

19   [X]    I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.
20
21           Executed on **March 3, 2008** at San Diego, California.

22

23   _____
     TINA LEMAY
24

25

26

27

28

                              **PROOF OF SERVICE**

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148404     — SH**

**March 05, 2008
09:29:58**

**Civ Fil Non-Pris**
USAO #.: 08CV0415
Judge..: M. JAMES LORENZ
Amount.:                      $350.00 CK
Check#.: BC7732

**Total—>  $350.00**

FROM: WERMERS MULTI FAMILY CORP V.
      NATIONAL FIRE AND MARINE INSUR

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| WERMERS MULTI-FAMILY CORP. | NATIONAL FIRE & MARINE INSURANCE COMPANY |

FILED

(b) County of Residence of First Listed Plaintiff  San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Omaha, NE

08 MAR -5 PM 2:57

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

(c) Attorney's (Firm Name, Address, and Telephone Number)

SULLIVAN, HILL, LEWIN, REZ & ENGEL
550 West "C" Street, Suite 1500. San Diego, CA 92101, 619-233-4100

Attorneys (If Known)  cr

BERGER KAHN, 1 Park Plaza, Suite 210
Irvine, CA 92614, 949-474-1880

08 CV 0415 L POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1441 (b)

Brief description of cause:
Breach of Contract/Bad Faith

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  03/05/2008

SIGNATURE OF ATTORNEY OF RECORD  _____

FOR OFFICE USE ONLY

RECEIPT # 148404   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

SM 3/5/08

CR