UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WERMERS MULTI-FAMILY CORP., a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>NATIONAL FIRE & MARINE INSURANCE COMPANY, a business entity of unknown form, *et al.*<br><br>        Defendants. | Civil No. 08cv415-L(POR)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On March 5, 2008, Defendant filed a notice of removal, removing this insurance bad faith action from State court. The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants. 28 U.S.C. §1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The notice of removal states that Plaintiff is a California citizen, specifically that it is a California corporation. (Notice ¶ 5.) The notice of removal and the underlying complaint are silent as to Plaintiff's principal place of business. *See* 28 U.S.C. § 1332(c). Based on the foregoing, the court finds there is doubt as to the right of removal in the first instance. *See Gaus*, 980 F.2d at 566.

As Defendant has failed to meet its burden in establishing federal subject matter jurisdiction, this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

DATED: March 10, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL